# Stuart Richards v. Town of Norwich and Paul Z. Nowicki

[726 A.2d 81]

No. 98-074

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed January 29, 1999

*C. Daniel Hershenson* of *Hershenson, Carter, Scott & McGee,* Norwich, for Plaintiff-Appellant.

*Gary R. Wieland,* White River Junction, for Defendant-Appellee Town of Norwich.

*Laura O'Connor* of *Miller & Candon,* Norwich, for Defendant-Appellee Nowicki.

**Amestoy, C.J.** Stuart Richards appeals a Windsor Superior Court order dismissing his Rule 75 appeal of the Town of Norwich selectboard's decision authorizing an on-site septic system permit for Paul Nowicki. Richards argues that he alleged facts in his complaint sufficient to assert standing and, therefore, the superior court erred when it dismissed his Rule 75 action for failure to state a claim upon which relief can be granted. We reverse.

In 1973, the Town of Norwich ("town") adopted an ordinance ("1973 ordinance") that established minimum standards regulating the design, construction and installation of new on-site septic systems to be located on any town lot. The minimum standards were intended to ensure that waste discharged from individual septic systems does not contaminate water, create a health hazard or constitute a nuisance. The 1973 ordinance also included a special-cases provision which allowed for the issuance of permits for septic systems which did not meet the standards, if the town septic administrator determined that the substandard septic systems were consistent with the protection of public health and safety.

Eleven years later, the Legislature adopted 24 V.S.A. §§ 3631-3635 ("state sewage statute") requiring the Secretary of Natural Resources to establish minimum standards for municipal ordinances regulating on-site septic systems. See 1983, No. 117 (Adj. Sess.). Under the state sewage statute, a municipality may adopt an ordinance regulating septic systems, but it must be at least as stringent as the minimum standards developed by the Secretary of Natural Resources in order to obtain the approval necessary to validate it. See 24 V.S.A. § 3633(b) (requiring certification to that effect by Department of Environmental Conservation).

The town amended the 1973 ordinance in 1994 and adopted a modified septic ordinance ("modified ordinance") even though the design specifications in the modified ordinance did not satisfy the state minimum standards and were not approved by the Department of Environmental Conservation. The noncompliance provision remained unaltered in the modified ordinance. In 1996, Paul Nowicki, a resident of the town, filed an application for a permit to install a new on-site septic system on his residential lot. His proposed septic

system did not meet the minimum standards established by the modified ordinance. Nowicki requested and was granted approval of his septic system pursuant to the special-cases provision.

Stuart Richards appealed the decision authorizing Nowicki's substandard septic system to the Norwich selectboard. He complained that the septic administrator could not issue a permit for a septic system that failed to comply with the design specifications set out in the modified ordinance or the state minimum standards. After a hearing, in which Richards participated, the selectboard upheld the Nowicki septic system permit.

In April 1997, Richards filed a complaint in the superior court pursuant to V.R.C.P. 75 and the Declaratory Judgments Act, 12 V.S.A. §§ 4711-4725, seeking review of the selectboard's decision. Richards' complaint alleges that Nowicki's proposed septic system fails to meet state and local minimum standards governing the design, construction and installation of new on-site septic systems and, therefore, has the potential to contaminate water, constitute a health hazard and create an olfactory nuisance. The complaint further alleges that Richards is the owner of land directly abutting the property where Nowicki intends to install his proposed septic system. Subsequently, Nowicki filed a motion to dismiss pursuant to V.R.C.P. 12(b)(1) and 12(b)(6). The superior court granted the Rule 12(b)(6) motion and dismissed the case.

In its order granting Nowicki's motion, the court stated that on the face of the complaint, a plaintiff must allege at least the threat of an injury in fact to some protected interest in order to establish standing to seek declaratory relief. The court held that Richards did not satisfy the standing requirements for a declaratory judgment action because he did not allege any threat of actual injury and "Rule 75 does not cure the deficiency." The present appeal followed.

## I.

As a threshold matter, we must determine whether Richards has the right under Rule 75 to appeal the selectboard's decision before we can decide whether the superior court erred in granting Nowicki's Rule 12(b)(6) motion. Nowicki argues that Richards is not entitled to a Rule 75 appeal of the selectboard's decision because he seeks review of issues of fact.

In relevant part, Rule 75 permits the appeal of (1) any action by a political subdivision of the state, including any board, (2) which is not appealable under Rule 74, (3) if review is otherwise available by law.

See V.R.C.P. 75(a). This Court has interpreted the Rule 75 requirement that review must be "otherwise available by law" to include situations where review was formerly available through a writ of certiorari. See *Vermont State Employees' Ass'n v. Vermont Criminal Justice Training Council*, 167 Vt. 191, 195, 704 A.2d 769, 771 (1997). Prior to its abolition, review by writ of certiorari was limited to quasi-judicial acts of government agencies and confined to substantial questions of law affecting the merits of the case. See *Burroughs v. West Windsor Bd. of Sch. Dirs.*, 141 Vt. 234, 237, 446 A.2d 377, 379 (1982).

The Town of Norwich is a political subdivision of the state and the selectboard is a board thereof. Thus, Richards satisfies the first prerequisite to Rule 75 review. Because neither the state sewage statute nor the Norwich septic ordinance provide for review, Richards meets the second prerequisite to Rule 75 review as well. See V.R.C.P. 74(a) (Rule 74 applies only when right to appeal decisions of governmental agencies is granted by statute). Finally, a writ of certiorari would have permitted an appeal in the instant case since the proceedings on Nowicki's application for a septic system permit were quasi-judicial in nature: the parties were allowed representation by counsel, testimony was presented to and considered by the selectboard and a decision was issued. See *In re St. George*, 125 Vt. 408, 411-12, 217 A.2d 45, 47 (1966) (selectboard exercises quasi-judicial duties in determining facts and deciding whether grant of landfill permit will give rise to nuisance). Therefore, Richards satisfies the prerequisites for a Rule 75 appeal of the selectboard's decision.

Nowicki, however, contends that a Rule 75 appeal is not available to Richards because he improperly seeks factual review of whether Nowicki's septic system meets the state minimum standards. He argues that Richards claimed in his reply to Nowicki's motion for summary judgment that there were numerous material issues of fact in dispute for which Richards sought review. Nowicki claims that because Richards' complaint was filed pursuant to the Declaratory Judgments Act, that permits review of the selectboard's factual findings, Richards seeks to impermissibly enlarge the jurisdiction of the superior court under Rule 75. See *Molesworth v. University of Vermont*, 147 Vt. 4, 7, 508 A.2d 722, 723 (1986) (Declaratory Judgments Act has neither increased nor enlarged jurisdiction of superior court).

Nowicki correctly notes that an appeal pursuant to the former writ of certiorari was limited to review of judicial action by inferior

courts and confined to substantial questions of law affecting the merits of the case. See *Burroughs*, 141 Vt. at 237, 446 A.2d at 379. Thus, Rule 75 provides only for review of legal issues raised by the selectboard's issuance of a permit for Nowicki's substandard septic system. See *Molesworth*, 147 Vt. at 7, 508 A.2d at 723 (Rule 75 review of decision denying student resident tuition status confined to review of university residency officer's quasi-judicial action and limited to addressing substantial questions of law affecting merits of case).

■ In his complaint, Richards requests an order declaring that the selectboard's decision to issue a permit for Nowicki's substandard septic system violates the state sewage statute. Nowicki attempts to characterize Richards' complaint as a request for a factual determination of whether the design specifications of Nowicki's septic system comply with the minimum standards of the Norwich septic ordinance. However, neither party disputes that Nowicki's septic permit was granted under the special-cases provision contained in the Norwich septic ordinance, which allows for the issuance of permits for septic systems that fail to meet the minimum standards of the ordinance. Rather than the factual determination Nowicki contends is sought by Richards' complaint, the declaratory relief actually requested seeks review of whether it is legally permissible under the state sewage statute for the selectboard to issue a permit for a septic system that does not comply with the state minimum standards. This is a question of law. Richards is entitled to a Rule 75 appeal of the selectboard's approval of Nowicki's septic system.

## II.

■ We next address whether the superior court erred when it dismissed Richards' Rule 75 appeal for lack of standing. Nowicki argues that the court properly granted his Rule 12(b)(6) motion to dismiss because Richards failed to allege that he was suffering from an injury-in-fact as a result of the selectboard decision. He asserts that Richards' allegations of generalized harm and abutting landowner status are insufficient to satisfy the standing requirements of Rule 75.

A motion to dismiss for failure to state a claim upon which relief can be granted should not be granted unless it is beyond doubt "that there exist no facts or circumstances that would entitle the plaintiff to relief." *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997). When reviewing the disposition of a Rule 12(b)(6) motion to dismiss,

this Court assumes that all factual allegations pleaded in the complaint are true. See *id.* We accept as true all reasonable inferences that may be derived from plaintiff's pleadings and assume that all contravening assertions in defendant's pleadings are false. See *id.*

In order to establish standing to seek declaratory relief, a "plaintiff must allege at least the threat of an 'injury in fact' to some protected interest in order to establish his or her standing." *Town of Cavendish v. Vermont Pub. Power Supply Auth.*, 141 Vt. 144, 147-48, 446 A.2d 792, 794 (1982). Generally, proceedings under Rule 75 are governed by the Rules of Civil Procedure. See V.R.C.P. 75(b) (proceedings under Rule 75 governed by Rules of Civil Procedure unless modified by this rule or otherwise provided by statute). A Rule 75 complaint must contain a "concise statement of the grounds upon which the plaintiff contends the plaintiff is entitled to relief, and shall demand the relief to which the plaintiff believes the plaintiff to be entitled." *Id.* Similarly, Rule 8(a) requires that a complaint include a "short and plain statement" showing that the plaintiff is entitled to relief and a demand for the relief sought. See V.R.C.P. 8(a). A complaint need not provide a detailed and specific statement of the facts that constitute a cause of action, but must be sufficiently clear and certain to enable the defendant to respond. See *Harris v. Carbonneau*, 165 Vt. 433, 439, 685 A.2d 296, 300 (1996). The sufficiency of a complaint depends on whether it provides fair notice of the claim and the grounds upon which it rests. See *Mintz v. Matalon*, 148 Vt. 442, 444, 535 A.2d 783, 785 (1987).

Richards' complaint indicates that he brings this action pursuant to Rule 75. He alleges that he owns land directly abutting Nowicki's property. He also alleges that Nowicki's proposed septic system is to be located on property where the soil conditions and lot size prevent compliance with the modified ordinance. Moreover, Richards claims that because Nowicki's proposed septic system does not satisfy the minimum standards established by the state or the modified ordinance, it therefore has the potential to create an olfactory nuisance. Implicit in the concept of nuisance is an individual's interference with the use and enjoyment of another's property. See *Coty v. Ramsey Assocs.*, 149 Vt. 451, 457, 546 A.2d 196, 201 (1988). It is reasonable to infer that a septic system that not only fails to comply with the state standards, but also the town's unapproved standards, will give rise to an invasion of Richards' right to the use

and enjoyment of his property. Thus, Richards has alleged the threat of an injury in fact to a protected interest.

Richards requests, among other relief, an order finding and declaring that the selectboard's decision authorizing Nowicki's septic system violates the state sewage statute. The complaint provided Nowicki with fair notice of Richards' claim as contemplated by Rule 8 and was clear and certain enough to enable Nowicki to respond. Nowicki's proposed standard for standing to challenge the issuance of a permit, for a substandard septic system would produce a rule requiring a landowner to wait until the septic system is built, fails and harms the landowner before he or she has standing to challenge the issuance of a permit.

Richards has the right under Rule 75 to appeal the selectboard's approval of Nowicki's septic system, and the complaint sufficiently establishes Richards' standing to challenge that decision. Accordingly, we reverse the superior court's dismissal of Richards' complaint for lack of standing under Rule 75.

*Reversed.*