Ahern v. Mackey, No. 16-1-04 Wncv  (Toor, J., Sep. 19, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WASHINGTON COUNTY, SS

| | |
|---|---|
| SHIRLEY AHERN, et al.,<br>  Plaintiffs<br><br> v.<br><br>JOE MACKEY, et al.,<br>  Defendants | SUPERIOR COURT<br>Docket No. 16-1-04Wncv |

## RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This is a class action[1] by current and retired Vermont teachers  ("Teachers") who challenge a December, 2003 ruling of the Vermont State Teachers' Retirement Board. The issue addressed by the Board relates to 1981 changes to the retirement system and choices made by Plaintiffs allegedly without adequate information from the Board. Pursuant to Rule 75 of the Vermont Rules of Civil Procedure, Plaintiffs seek relief in the nature of certiorari and mandamus.

### The Motion to Dismiss

A prior motion to dismiss was granted by Judge Cook in this case. In that decision, he dismissed all claims brought under 42 U.S.C. § 1983 and all "claims for breaches of statutory

---

[1] No class has as yet been certified.

and fiduciary duties . . ." Opinion and Order Re: Defendants' Motion to Dismiss, p. 3 (August 27, 2004). He went on to reject Plaintiffs' argument that the breach of duty claims "may nevertheless be raised anew pursuant to Rule 75." Id. Specifically, he stated: "Plaintiffs' breach of duty claims. . . may not be resurrected inside Rule 75 review." Id. Much of Judge Cook's reasoning was itself based upon a decision of the Vermont Supreme Court in a case involving one of the plaintiffs here. *See* Jacobs v. State Teachers' Retirement System, 174 Vt. 404 (2002).

## The Current Motions for Summary Judgment

Currently before the court are cross-motions for summary judgment. Defendants (hereinafter "the Board") argue in their motion that judgment must be entered for them on the one remaining claim in this case, brought under Rule 75, because the undisputed facts do not establish either substantial errors of law or an extreme abuse of discretion by the Board.

Teachers argue in their motion that under Rule 75, they may assert arguments that the Board violated fiduciary duties, arguing that otherwise there are no standards to apply. They argue that based upon the undisputed facts, they are entitled to writs of certiorari and mandamus. They further argue that the Board's motion should be denied because there are genuine disputes of material fact relating to the facts that formed the basis for the Board's decision.

## Findings of Fact

This case is brought as a class action on behalf of all Vermont teachers who have prior service in schools in other states, who claim that they should be allowed to purchase without any cost "service credit" towards their retirement for that prior out-of-state service. A detailed description of the facts underlying the claim appears in Jacobs and will not be repeated here. 174 Vt. at 405-6. In sum, Teachers argue that back in 1981 when the retirement system changed, they had the right to refunds for the cost of purchasing such credits, but were not so advised in the

written explanation provided to them by the Board. Thus, they seek the right to obtain credits now which they might have bought back in 1981 if they had known of the refunds. In addition, they seek recalculation of their retirement benefits as if they had chosen to purchase the credits back in 1981. For those plaintiffs who are already retired, they seek lump sum payments for the additional benefits they would have received prior to today had they purchased the credits in 1981.

This case is before the court at this stage only as a Rule 75 appeal from the decision of the Board denying Teachers' request to revisit the pension choices Teachers made in 1981. In re Claims Against System Regarding Purchase of Service Credit in 1981 – in Connection with Transfer form Group A to Group B, (December 16, 2003) (hereinafter "Board Decision").

The Board denied Teachers' petition on three grounds. First, it held that the statute under which the petition was brought did not appear to apply to the facts of this case. Specifically, it noted that the statute at issue allows the board to correct "mistakes or errors" that "result in any member or beneficiary receiving from the system more or less than he would have been entitled to receive had the records been correct . . ." 16 V.S.A. § 1948. The board interpreted the statute as applying "only to mathematical or clerical errors and other analogous types of mistakes," and concluded that there is no such claim involved in this case. Board Decision at 3-4.

The Board's second reason for denial was that it declined to revisit events of over twenty years ago. Specifically, it concluded that "[t]he passage of time makes it impractical if not impossible to reconstruct the circumstances that prompted the petition members" to make the choices they made about their retirement plans. Id. at 5. The board noted:

> The relevant materials would include both written materials and spoken words. Some of the written materials have been identified. But there is no record of the questions asked and answers given at public informational meetings and in private telephone conversations for which there is no record.

> Any attempt to reconstruct events at this time would be unusually speculative because there has been a complete turnover in the Board's staff. The Board would have to sift through this history without the assistance of the employees who participated in the process but are no longer in State government.

Id.

Finally, the Board denied the petition because of the potential financial impact upon the taxpayers, noting that funding of the retirement system over the last twenty years has been based upon actuarial data that included the choices made by Teachers back in 1981, and that those actuarial assumptions were also a basis for changes made to the retirements system in 1990. The Board referred to the potential financial impact upon the system "after decades of inaction" by teachers. Id. pp. 5-6.

Conclusions of Law

The Rule 75 claim is all that remains in this case. Pursuant to Rule 75, Teachers seek writs of certiorari and mandamus. Certiorari permits the court to review "substantial questions of law affecting the merits of the case." Richards v. Town of Norwich, 169 Vt. 44, 47 (1999). Mandamus "ordinarily is not available to compel discretionary decisions" but instead permits a court to "require a public officer to perform a simple and ministerial duty imposed by law" or to address "extreme abuses of discretion involving refusals to act or perform duties imposed by law." Vermont State Employees' Association, Inc. v. Criminal Justice Training Council, 167 Vt. 191, 195 (1997).

*Certiorari*

It is unclear what "substantial question of law" Teachers believe the Board got wrong. All they discuss under the heading related to "legal error" is the issue of fiduciary duty. The court rejects Teachers' argument that the court should apply fiduciary duty standards in the context of the Rule 75 claim. Right or wrong, that argument has been foreclosed by Judge

Cook's earlier ruling in this case, in which he dismissed the claims for breach of fiduciary and statutory duties and held that "Plaintiffs' breach of duty claims. . . may not be resurrected inside Rule 75 review." Opinion and Order Re: Defendants' Motion to Dismiss, p. 3 (August 27, 2004). No other theory having been offered by Teachers, the court concludes that no legal error is apparent in the Board's decision.

*Mandamus*

With regard to mandamus, Teachers concede that the Board had discretion to act on their claims under 16 V.S.A. § 1948. That provision states that the Board "shall have the power, in its discretion," to correct mistakes that have led members of the retirement system to receive more or less than the correct amount of benefits. Mandamus generally would not be applicable to such discretionary acts. Teachers argue, however, that the Board's decision was wholly arbitrary and thus justifies mandamus for "extreme abuses of discretion involving refusals to act or perform duties imposed by law." Vermont State Employees' Association, 167 Vt. at 195.

What Teachers argue is that the Board's reasons for denying their request to reopen the 1981 proceedings are "completely bogus." Plaintiffs' Memorandum of Law, p. 28. The court disagrees.

The Board's first reason was that it felt the statute addressing "mistakes" was not applicable to the facts here. The court finds this a perfectly reasonable conclusion. The statute allows review of errors for the purpose of "adjust[ing]. . . payments in such manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid." 16 V.S.A. § 1948. In this case, the issue is not an adjustment of benefits but whether Teachers should be entitled to wind back the clock to purchase retirement credits they did not purchase in 1981. This does not constitute an adjustment of benefits as contemplated by

5

the statute. Thus, the Board's conclusion that the statute was not even applicable here was entirely reasonable.

The Board's second conclusion was that granting Teachers the right to reopen the events of 1981 would be unworkable given that so many years have passed. The Board noted that "[t]he passage of time makes it impractical if not impossible to reconstruct the circumstances" back in 1981. Board Decision, p. 5. For example, the Board noted that it would be hard to collect evidence of public meetings and private telephone calls that occurred over twenty years ago involving staff who are no longer employed by the Board. Id. These are not arbitrary or unreasonable concerns. The "passage of time" rationale is the very reason that the legal system bars stale claims by imposing statutes of limitations. *See, e.g.*, American Pipe & Construction Co. v. Utah, 414 U.S. 538,554 (1974) ("[S]tatutory limitations periods are designed to 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.'")(citation omitted). The fact that legislatures and courts apply such rationales all the time to limit old claims demonstrates the obvious reasonableness of the Board's decision on this point.

The Board's third rationale was based upon the financial burden upon the state if the floodgates were opened to allow Teachers a "do-over" of the choices they had made in 1981. The Supreme Court in Jacobs itself noted that "it seems apparent that the State will ultimately bear the cost" if Teachers succeed. 174 Vt. at 410 (dictum). While one can debate how much weight should be given to the cost to taxpayers, this court cannot find such a consideration to be

an abuse of discretion by the Board. The payments into the funds at issue have for over twenty years been based upon the decisions made by Teachers in 1981. A revisiting of those decisions might require funding new obligations for which no funds currently exist. These factors certainly make the risk of large unfunded State obligations a reasonable issue for the Board to take into account.

Order

For the foregoing reasons, the court grants Defendants' motion for summary judgment and denies Plaintiffs' motion for summary judgment. The motion to strike and the motion for class certification are both moot.

Dated at Montpelier this 19th day of September, 2005.

_____
Helen M. Toor
Superior Court Judge