**STATE OF VERMONT**

**VERMONT ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| | } | |
| **Route 103 Quarry** | } | **Docket No. 205-10-05 Vtec** |
| **(Appeal of J.P. Carrara & Sons, Inc.)** | } | |
| | } | |

## Interim Order Regarding
## Party Status and the Test Blast Requirement

Two pre-trial motions remain pending before the Court: the first is Appellant-Applicant's motion to deny party status; the second is Cross-Appellants' motion to compel Appellant-Applicant to perform a test blast during a second site visit. The parties are in the process of submitting their pre-filed testimony in anticipation of trial, which is presently scheduled over a three-day period, commencing March 22, 2006.

Appellant-Applicant J.P. Carrara & Sons, Inc. is represented by James P.W. Goss, Esq., with assistance from his co-counsel, Alan P. Biederman, Esq. Cross-Appellants Joseph and Sue Alexander, David and Penelope Bride, Nancy and Carroll Buffum, Sr., Karlene Callahan, Sandra Shum, Judith Webster, and the Whispering Pines Tenants' Association are represented by Phoebe Mills, Esq., with assistance from her co-counsel, Stanley N. Alpert, Esq. The Town of Clarendon (Town) is represented by William J. Bloomer, Esq.; the Vermont Natural Resources Board (NRB) is represented by Melanie Kehne, Esq.; and the Vermont Agency of Natural Resources (ANR) is represented by Catherine Gjessing, Esq.

The Court makes the following findings and determinations on the pending motions:

## I. Motion to Deny Party Status

Appellant-Applicant begins its argument in support of its motion by emphasizing the important consequences that may flow from a determination of which procedural rules apply to this proceeding: the rules and statutory provisions in effect when it filed its December 1, 2004 permit amendment application or those in effect when its appeal was filed in this Court on October 3, 2005. To emphasize the consequences of this determination, Appellant-Applicant notes that Cross-Appellants' right to further appeal, to the Vermont Supreme Court, would be at issue.

Appellant-Applicant's assessment of the consequences that may flow from a determination of this procedural issue may be accurate, but it is premature and improper for this Court to address it. First, no appeal to the Supreme Court has been taken. Any decision from this Court would be advisory. It would therefore be impermissible for this Court to address such a question. Second, if or when a party in this proceeding files an appeal to the Supreme Court, the question of whether the appeal actually filed is proper is a determination that only the Supreme Court has jurisdictional authority to make. To the extent that Appellant-Applicant seeks a ruling from this Court on the right of Cross-Appellants to file an appeal with the Vermont Supreme Court, we decline to answer such a hypothetical.

Appellant-Applicant extends the arguments offered in support of its motion to deny party status to all Cross-Appellants. All parties have provided extensive background representations in support of their arguments for or against the pending motion. The Court found these representations to be very helpful in understanding the context of the respective interests at stake in this proceeding. However, the Court's response to this motion is more circumscriptive.

The jurisdiction of this Court to hear appeals from district environmental commissions vested on January 31, 2005. The transition of jurisdictional authority from the former Environmental Board to this Court was accompanied by specific statutory authority to hear such appeals, by virtue of 10 V.S.A. Ch. 220, and the promulgation of rules that govern the conduct of all appeals in this Court, the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.). These Rules and the statutory revisions to Titles 3, 4, 10, and 24, of the Vermont Statutes Annotated provide the statutory authority and jurisdictional limits governing this Court.

Appellant-Applicant asserts that these statutory changes and adoption of new procedural rules impact on substantive rights that vested at the time it filed its application. Appellant-Applicant would have us hold that a change in the procedural rules governing another party's right to appeal is a substantive "right, privilege, obligation or liability" that warrants protection under 1 V.S.A. § 214(b)(4). We disagree. The enabling provisions of Act 115 provided specific authority that created the jurisdiction of this Court and authorized the adoption of our current procedural Rules. Nothing in those Rules or enabling legislation authorized this Court to follow an alternate procedure, such as the procedural rules that once governed appeals before the former Environmental Board. We therefore decline to adopt the alternate procedures espoused by Appellant-Applicant.

Cross-Appellants followed the proper procedure to file their cross-appeal and Statement of Questions. V.R.E.C.P. 5(b)(2) and 5(f), respectively. No provision in our Rules requires an appellant or cross-appellant to request and make offers of proof as to their status as a party, even though such a requirement continues in proceedings before the district environmental commissions. In fact, under our Rules, an appellant or cross-appellant is "automatically accorded [party] status when the notice of appeal [or cross appeal] is filed unless the court otherwise determines on motion to dismiss a party . . . ." V.R.E.C.P. 5(d)(2).

So as not to further delay these proceedings, we have also considered Appellant-Applicant's motion to deny party status as a motion to dismiss all Cross-Appellants as parties to this proceeding. In doing so, we must view the facts material to Appellant-Applicant's motion in a light most favorable to Cross-Appellants. Richards v. Town of Norwich, et. al., 169 Vt. 44, 49 (1999). When considering a motion to dismiss, our Supreme Court directs that we "accept as true all reasonable inferences that may be derived from [Cross-Appellants'] pleadings and assume that all contravening assertions in [Appellant-Applicant's] pleadings are false." Id. In this light, the material facts are insufficient to support a motion to dismiss.

Cross-Appellants consist of nine individuals and an entity known as the Whispering Pines Tenants' Association (WPTA). All individuals reside in homes they own that are located on property adjacent to or nearby the property on which Appellant-Applicant operates its quarry. Their home ownership is sufficient to fulfill the statutory requirement that an individual seeking party status have "a particularized interest protected by [Act 250] that may be affected by" the proposed project. 10 V.S.A. § 6085(c)(1)(E). The fact that some of the Cross-Appellants do not own the real estate upon which their primary residence mobile homes are sited does not diminish the substantial interest their homes represent.

Each individual Cross-Appellant has expressed specific concerns about the impact upon their homes that may occur as a result of Appellant-Applicant's proposed increase in explosive blasts, the depth at which the blasts and excavation will occur, and the further depth in the quarry from which dewatering will occur. Solely for purposes of the party status issue presently before the Court, and when viewing the material facts in a light most favorable to them, we find that there is a sufficient basis for determining that the individual Cross-Appellants meet the statutory requirements for party status under 10 V.S.A. § 6085(c)(1)(E).

Although not titled as such, Appellant-Applicant's motion appears to assert that some or all of the individual Cross-Appellants do not have standing to present evidence upon the specific

criteria preserved for review in this appeal. To the extent that such a claim was intended by Appellant-Applicant's motion, we decline to grant it. Of the twenty-nine criteria and sub-criteria that can be contested in any Act 250 proceeding, Cross-Appellants' Statement of Questions raises issues relating to six sub-criteria. They have put forth a sufficient offer of proof for purposes of our party status analysis to establish a relevancy between these criteria and their respective use and enjoyment of their homes. We await the actual presentation of evidence at trial to determine whether their evidence is admissible, relevant and reliable, and of sufficient materiality to outweigh admissible evidence put forth on behalf of Appellant-Applicant's permit amendment application. We do not see a justification at this stage to limit the criteria upon which the individual Cross-Appellants may present evidence.

The WPTA's party status qualifications appear more tenuous. Even when viewed in a most favorable light, no facts have been asserted that this entity enjoys a "particularized interest" separate from its individual five members, some of whom are individual Cross-Appellants. To maintain its party status, WPTA must show that it fulfills one or more the requirements contained in 10 V.S.A. § 6085. We fail to see how WPTA, as a separate entity, meets this statutory requirement and therefore determine that Appellant-Applicant's motion to dismiss, at least as to WPTA, should be granted.

## II. Motion to Compel Test Blast

By their motion, Cross-Appellants seek an Order of this Court requiring Appellant-Applicant to conduct a test blast at the existing quarry site, using the maximum total pounds of explosive requested in the application for permit amendment now under appeal (i.e.: 250 pounds maximum per delay shot, with a maximum of 6,500 pounds of aggregate explosive used for the blast). Appellant-Applicant objects to the requirement for a test blast, citing the expense of such an exercise,[1] the delay of trial that will result due to the necessary preparation for the blast, and the various site limitations that may impede the requested test blast.[2]

Cross-Appellants correctly point out that this appeal is governed by the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.) and, by reference therein, the Vermont Rules of Civil Procedure (V.R.C.P.) and Vermont Rules of Appellate Procure (V.R.A.P.). Further, this

---

[1] Appellant-Applicant asserts that the test blast could cost $20,000 or more.

[2] Appellant-Applicant also asserts that the test blast would require excavation below the maximum depth allowed by the current permit (not including the excavation authority which is the subject of the pending appeal) and that the quantity of explosives used per delay and per blast are dependent upon the area and material to be blasted.

Court is directed to "apply[] the substantive standards" applicable to the district commission proceedings below. 10 V.S.A. § 8504(h). Thus, an appeal of a decision from a district environmental commission, such as here, can sometimes present an involved process of what procedural rules apply to a specific set of procedural facts. Luckily, the resolution of the procedural question posed by Cross-Appellants' request to compel a test blast is fairly straightforward.

While Cross-Appellants reference an occasion where a trial court in New York ordered a destructive test of a battery, we can find no authority or precedent within our Rules for compelling an applicant to conduct such a significant test blast of explosives to be used in a quarry. In fact, it appears that Cross-Appellants' reliance on V.R.C.P. 34 is misplaced, as that Rule speaks to the "tests" that a requesting party may seek authority to conduct; the Rule does not speak to a Court compelling an unwilling party to conduct a destructive test at another party's request.

In fact, were the application now pending related to a new quarry, rather than the expansion of an existing quarry, the Court suspects that there would be no discussion of a test blast, either before the District Commission or before this Court on appeal. There being no authority found for such a destructive test, we will not order it.

Nothing in this Decision relieves Appellant-Applicant from its burden of proof in this de novo proceeding. This Court must render positive findings on all Act 250 criteria preserved in this appeal before Applicant's permit is granted. 10 V.S.A. § 6086. Specifically, the Court must determine pursuant to 10 V.S.A. § 6086(a)(9)(E) that the proposed expansion of the quarry by an additional depth of 105 feet, using explosive blasts of up to 6,500 pounds (with a maximum of 250 pounds per delay) "will not have an unduly harmful impact upon the environment or surrounding land uses and development . . . ." Id.

The Court does not presume to know all the evidence Appellant-Applicant could put forth to fulfill its burden of proof, and cannot anticipate whether some or all of that evidence will be deemed admissible. Results of a test blast, whether the maximum explosive delays were used or not, cannot be the only evidence considered relevant in this case. Given that this appeal concerns a proposed expansion and extension of a pre-existing quarry, evidence of prior blasts may be deemed relevant and admissible at trial. At the close of the evidence, the Court will be left to make the determination of whether Appellant-Applicant has submitted sufficient evidence, not outweighed by evidence of other parties, to allow the Court to find that the expanded quarry

operations will not have the undue adverse impact feared by its neighbors. The relevancy, admissibility, and adequacy of such evidence will be determined at trial.

### III.  Procedural Status

This case is proceeding towards trial pursuant to the Stipulated Scheduling Order of December 8, 2005. The next filing due is Cross-Appellants' submission of pre-trial filings,[3] which is due tomorrow (February 24, 2006). Given that the Court is now issuing its decision on the last of the pre-trial motions, including a motion to determine whether Cross-Appellants are proper parties to this proceeding, Cross-Appellants are granted a short extension of time in which to make their filing, which will now be due by **Friday, March 3, 2006**.

Accordingly, based on the forgoing, it is hereby **ORDERED** and **ADJUDGED** that Appellant-Applicant's motion, now treated as a request to dismiss all Cross-Appellants, is **DENIED** as to the individual Cross-Appellants, and **GRANTED** as to the Whispering Pines Tenants' Association. Cross-Appellants' motion to compel a test blast is also **DENIED**. The parties shall complete the filings required by the Stipulated Scheduling Order of December 8, 2005, except that the Cross-Appellants shall have until next Friday, March 3, 2006, to submit their initial pre-trial filings. The parties shall thereafter prepare for trial, now scheduled to begin March 22, 2006.

Done at Berlin, Vermont, this 23rd day of February, 2006.

_____
Thomas S. Durkin, Environmental Judge

---

[3]  Per the December 8, 2005 Stipulated Scheduling Order, the parties' pre-trial filings are to include the following: (a) a witness and exhibit list; (b) prefiled testimony with resumes of experts; and (c) marked exhibits accompanying prefiled testimony. All prefiled testimony shall comply with V.R.E.C.P. 2(e)(2).