Bowen v. Ryan Smith & Carbine, Ltd., No. 197-4-06 Rdcv (Teachout, J., June 30, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Rutland Unit**                                          **Docket No. 197-4-06 Rdcv**


**GARRY BOWEN,**
     **Plaintiff**

**v.**

**RYAN SMITH & CARBINE, LTD.,**
     **Defendant**


### DECISION
**Defendant's Motion to Dismiss**

This matter comes before the court on Defendant Ryan Smith & Carbine's ("RS&C") Motion to Dismiss filed on March 14, 2011. Plaintiff Garry Bowen is represented by Lamar Enzor, Esq.. Defendant RS&C is represented by John D. Monahan, Jr., Esq.


### Background

This case arises as a result of a long-running dispute between Mr. Bowen and his neighbor, Megan Price. In earlier litigation between Mr. Bowen and Ms. Price, RS&C represented Mr. Bowen. Mr. Bowen and Ms. Price, with the assistance of their respective attorneys, reached a settlement before that case proceeded to trial. The settlement was orally agreed to and placed on the record before the judge, but then became a source of dispute between the parties.

Mr. Bowen challenged the enforceability of the settlement. He claimed that he had not authorized RS&C to settle on the terms reflected in the record. After an appeal to and a remand from the Vermont Supreme Court, this court held an evidentiary hearing and issued findings and conclusions and an order on November 24, 2010. This court concluded that Mr. Bowen had full knowledge of the proposed settlement terms and their implications and had authorized RS&C to settle the suit on his behalf on the terms stated on the record.

In this case, Mr. Bowen sues RS&C for its conduct in settling the prior case. He alleges that he did not authorize RS&C to settle the case on the terms of the settlement agreement placed on the record, that his attorneys withheld crucial information during the settlement process, and that they did not accurately represent the terms of the settlement agreement to him.

## Discussion

RS&C moves to dismiss pursuant to V.R.C.P. 12(b)(6) on the grounds that Mr. Brown's suit is barred by collateral estoppel. A motion to dismiss for failure to state a claim upon which relief can be granted should only be granted when it is beyond doubt that there exist no facts or circumstances that would entitle plaintiff to relief. In reviewing a V.R.C.P. 12(b)(6) motion to dismiss, the court assumes that all factual allegations in the complaint are true, and the court accepts as true all reasonable inferences that may be derived from plaintiffs pleadings and assumes that all contravening assertions in defendant's pleadings are false. *Richards v. Town of Norwich,* 169 Vt. 44, 48-49, 726 A.2d 81 (1999).

Collateral estoppel, also known as issue preclusion, is designed to prevent the relitigation of an issue that was previously decided in another lawsuit. *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259 (1990), is the leading Vermont Supreme Court case addressing issue preclusion. The *Trepanier* Court laid out five criteria that must be satisfied for issue preclusion to apply:

> (1) [P]reclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair."

*Id*. at 265. Here, RS&C relies on issue preclusion as a basis to dismiss Mr. Bowen's suit against it. This use is characterized as "defensive issue preclusion" and is regarded as less controversial than "offensive issue preclusion," where a new plaintiff attempts to stop a defendant from relitigating an issue. *Id*. at n.2.

In applying the *Trepanier* factors to this case, it is clear that Mr. Bowen is the same litigant as in *Price v. Bowen*; therefore, the first factor is satisfied. It is also undisputed that the issue of the enforceability of the settlement was resolved in *Price v. Bowen* by a final judgment on the merits. With respect to the third criterion, Mr. Bowen argues that issue preclusion should not apply because this is a different action with a different procedural context and that the court's November 24, 2010 order did not address all of his present claims.

Mr. Bowen disputes RS&C's argument that the issue litigated in *Price v. Bowen* is the same one being litigated here. Mr. Bowen asserts that the court has never addressed his specific legal claims against RS&C. But this argument ignores the reality that his claims against RS&C depend on the same facts as did his rejected claims in *Price v. Bowen*. Mr. Bowen's Complaint in the present suit alleges that he did not authorize RS&C to settle the case, that he did not authorize the payment of damages or the grant of equitable relief, that RS&C failed to inform him of the legal consequences of the settlement, and that RS&C misrepresented the contents of the settlement agreement.

These are the same issues, grounded in the same facts, that were argued and decided in *Price v. Bowen*. After considering all of Mr. Bowen arguments, the court in *Price v. Bowen* concluded, "there is not an evidentiary basis for Mr. Bowen's claim that his attorneys were not

authorized to settle the case on his behalf on the terms stated on the record." *Price v. Bowen*, No. 651-10-00 Rdcv (Vt. Sup. Ct. Nov. 24, 2010).

Mr. Bowen argues that in this case he is asserting a breach of contract claim against his attorneys that was not present in *Price v. Bowen.* However, the Vermont Supreme Court has determined that client suits against attorneys are tort causes of action, not contract. *Bloomer v. Gibson,* 2006 VT 104, 180 Vt. 397. Thus, if this case were to go forward, it would proceed as a negligence action, based on the same facts and issues as those in *Price v. Bowen.*

For all these reasons, the same issues are at the heart of both suits and the third criterion for issue preclusion is satisfied.

Mr. Bowen's remaining arguments go to factors four and five of the issue preclusion analysis: whether he had a full and fair opportunity to litigate the issue in the earlier action and whether applying preclusion in this action is fair. In looking at these two criteria, the party opposing issue preclusion must show the existence of circumstances that make it appropriate for the issue to relitigated. Mr. Bowen has failed to do that here. In all meaningful ways, the litigation in *Price v. Bowen* fairly resolved these factual issues against Mr. Bowen. In this suit, Mr. Bowen would present the same evidence to attempt to prove the same facts.

Regarding procedural fairness, Mr. Bowen had the same opportunity to conduct discovery in *Price v. Bowen* as he would have in this case, and the two cases would apply the same preponderance of the evidence standard.

In light of this analysis, application of the issue preclusion doctrine against Mr. Bowen is appropriate in the case. See *Alpine Haven Prop. Owners Ass'n, Inc. v. Deptula*, 175 Vt. 559, 563 (2003); *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265 (1990) (outlining factors to be considered in analyzing whether issue preclusion is appropriate).

ORDER

For the foregoing reasons, the defendant's Motion to Dismiss is *granted*.

Dated at Rutland, Vermont this 29th day of June, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge