**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**Grant & Menard CU & SDP App. ("Xtreme Collision Center")[1]**     **Docket No.114-8-13 Vtec**
**(Appeal from Morristown/Morrisville DRB determination)**

Title: Motion to Dismiss Appeal (Filing No. 1)

Filed: September 11, 2013

Filed By: Interested Person Town of Morristown

Opposition filed on 10/03/13 by Appellants R.L. Vallee, Inc. and Aubuchon Realty Co.

___ Granted         _X_ Denied         ___ Other

       R.L. Vallee, Inc. and Aubuchon Realty Co. ("Appellants") have appealed a determination by the Morristown/Morrisville Development Review Board granting site development plan and conditional use approval to Adam Grant and Amy Menard ("Applicants") for their plan to expand a motor vehicle sales and repair facility at 897 Brooklyn Street in the Town of Morristown, Vermont ("Town").

       By their four-part Statement of Questions, filed September 17, 2013, Appellants ask whether the proposed project conforms to three conditional use standards and one site development plan standard in the Zoning and Subdivision Bylaws for the Village of Morrisville and Town of Morristown ("Bylaws"). See Bylaws §§ 500 and 630. The Town disagrees with Appellants' assertions, as noted in a letter dated August 23, 2013 and filed with the Court on September 11, 2013 by the Town of Morristown Zoning Administrator, Todd Thomas ("Administrator"). Because the Administrator's letter asked the Court to dismiss this appeal, the Court docketed the Town's request as a motion to dismiss, pursuant to V.R.C.P. 12(b)(6). That procedural rule provides that a party may request dismissal of a claim when the claimant has failed "to state a claim upon which relief can be granted." Id.

       Appellants objected to the Town's request, arguing that the Town is, in essence, asking the Court to "resolve the case on the merits" before conducting a de novo merits hearing. Appellants further assert that the Town failed to allege any procedural deficiency in the claims Appellants have asserted in this appeal. For the reasons stated below, we decline to grant the Town's dismissal request.

       A party who requests dismissal of litigation at its earliest stages must satisfy an exceptional legal standard. This Court may only dismiss a claim under V.R.C.P. 12(b)(6) when it is certain beyond any doubt that there are no possible facts or circumstances that would allow relief for the claimant. Richards v. Town of Norwich, 169 Vt. 44, 48 (1999). To make this

---

[1] The Court originally titled this appeal "Grant & Menard CU," but decided to expand the caption to reflect that the application also sought site development plan approval. We have also included a reference to Applicants' business name, so as to provide specific reference to the development under review.

determination, we are directed to assume that all factual allegations made by the non-moving party are true and that all contravening assertions made by the moving party are false. Id. at 49. Only when the factual allegations are viewed in this light, and applicable legal standards still support a conclusion that the non-moving party cannot be granted the relief requested, is it appropriate to grant a dismissal request and foreclose a claimant's right to a trial. See id.

The Town's request does not fulfill this high legal standard. In essence, we are only provided with the Town's assertion that Appellants' assertions are not true. This is an insufficient basis for dismissing any appeal at such an early stage of the proceedings. Rather, we encourage the parties to complete their private efforts at negotiation of a resolution, mediation, and any necessary discovery. Then, if a dispute remains despite the parties' best efforts at compromise and resolution, the Court will schedule this matter for resolution through trial. Pursuant to the Court's discussions with the parties at the initial conference, held on October 28, 2013, we have crafted the attached Scheduling Order.

For all these reasons, we **DENY** the Town's request that the pending appeal be dismissed.

_____          _____November 1, 2013_____
        Thomas S. Durkin, Judge                              Date
=============================================================================
Date copies sent: _____                    Clerk's Initials: _____
Copies sent to:
  Jon T. Anderson, attorney for Appellants R.L. Vallee, Inc. & Aubuchon Realty Co.
  Attorneys Erin M. Heins and Ellen Mercer Fallon for Appellee/Applicants Adam Grant and Amy Menard
  Interested Person Town of Morristown (Todd Thomas, Zoning Administrator)