**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re G & D, LLC Permit Application**                    Docket No.  125-9-13 Vtec
**(Appeal from Morristown/Morrisville DRB determination)**

Title: Motion to Dismiss Appeal (Filing No. 1)

Filed: October 8, 2013

Filed By: Interested Person Town of Morristown

Opposition filed on 10/25/13 by Appellants Douglas and Beverley Corrow

___ Granted                    _X_ Denied                    ___ Other

Douglas and Beverley Corrow (Appellants) appeal the Morristown/Morrisville Development Review Board approval of the application by G & D, LLC (Applicant) for its planned 29-unit residential development on its Brooklyn Street parcel in the Town of Morristown, Vermont (Town).

Appellants filed their Statement of Questions on October 25, 2013, challenging the proposed project's conformance with the Zoning and Subdivision Bylaws for the Village of Morrisville and the Town (Bylaws).  The Town disagrees with Appellants' assertions, as noted in a letter dated September 26, 2013 and filed with the Court on October 8, 2013 by the Town of Morristown Zoning Administrator, Todd Thomas (Administrator).  Because the Administrator's letter asked the Court to dismiss this appeal, the Court docketed the Town's request as a motion to dismiss, pursuant to V.R.C.P. 12(b)(6).  That procedural rule provides that a party may request dismissal of a claim when the claimant has failed "to state a claim upon which relief can be granted."  Id.

Appellants objected to the Town's request, arguing that the Town is, in essence, asking the Court to "resolve the case on the merits" before conducting a de novo merits hearing.  For the reasons stated below, we decline to grant the Town's dismissal request.

A party who requests dismissal of litigation at its earliest stages must satisfy an exceptional legal standard.  This Court may only dismiss a claim under V.R.C.P. 12(b)(6) when it is certain beyond any doubt that there are no possible facts or circumstances that would allow relief for the claimant.  Richards v. Town of Norwich, 169 Vt. 44, 48 (1999).  To make this determination, we are directed to assume that all factual allegations made by the non-moving party are true and that all contravening assertions made by the moving party are false.  Id. at 49.  Only when the factual allegations are viewed in this light, and applicable legal standards still support a conclusion that the non-moving party cannot be granted the relief requested, is it appropriate to grant a dismissal request and foreclose a claimant's right to a trial.  See id.

The Town's request does not fulfill this high legal standard.  In essence, we are only provided with the Town's claims that Appellants' assertions are not true and that the proposed

project conforms to the Bylaws and is consistent with the Town's development goals. This is an insufficient basis for dismissing any appeal at such an early stage of the proceedings.

The Court has scheduled this matter for an initial conference on November 25, 2013, pursuant to a notice of hearing recently issued. The Court requests that the parties talk with each other, so that they are prepared at the conference to offer their suggestions on how this appeal may be scheduled towards resolution.

For all these reasons, we **DENY** the Town's request that the pending appeal be dismissed.

_____          _____November 7, 2013_____
        Thomas G. Walsh, Judge                                    Date
========================================================================
Date copies sent: _____                          Clerk's Initials: _____
Copies sent to:
  Christopher J. Nordle, attorney for Appellants Douglas and Beverley Corrow
  L. Brooke Dingledine, attorney for Appellee/Applicant G & D, LLC
  Interested Person Town of Morristown (Todd Thomas, Zoning Administrator)
  Robert J. Smith