*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-055

JANUARY TERM, 2017

| | |
|---|---|
| In re Douglas Cavett | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 632-6-14 Cncv |

Trial Judge:  Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of the Department of Corrections, appeals pro se from a superior court decision dismissing his complaint against defendants the Vermont Parole Board (Board) and the Board Chair for their denial of his parole. We affirm.

Plaintiff was denied parole following an interview with the Board in June 2014.  In May 2015, he filed a 120-page pro se pleading entitled "Motion to Present Amended Rule 65 as a Declaratory Judgment."*  Shortly thereafter, defendants moved for a more definite statement, asserting that plaintiff's pleading was vague and ambiguous and failed to set forth factual allegations in a sufficiently clear and concise manner to which defendants could respond.  See V.R.C.P. 12(e) ("If a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.").  The court granted the motion, directing plaintiff to filed a short statement with numbered paragraphs setting forth the factual allegations and claims.  Plaintiff filed a six-page "short definitive statement" in response.  Defendants thereafter moved to dismiss.

In January 2016, the court issued a written ruling granting defendants' motion.  The court parsed the pleadings to determine that plaintiff appeared to be raising claims involving conspiracy, failure to follow the Administrative Procedure Act (APA), ethical violations, due process violations, and non-compliance with scheduling policies, but found that the claims were vague and unsupported by sufficient factual allegations, and that even under our liberal pleading standards dismissal was compelled.  Thus, the court generally concluded, "We are a state that is generous in our pleading standards, but that goes only so far.  The defendant must have facts to respond to. Thus, all such unsupported legal conclusions are dismissed."

The court noted more specifically that it could not make out plaintiff's APA rulemaking claim; that an equal protection claim based on defendants' failure to "provide equality amongst all groups, especially sex offenders" lacked adequate support to state a claim; and that there were no facts alleged to support a claim of "retaliation."  Of the claims relating to the parole interview, the court found no adequate support or basis for relief predicated on plaintiff's assertions that

---

* Defendant had filed an earlier pleading entitled "Motion for Injunctive Relief."

participants were rude and unprepared and conspired to deny him parole. The court found that the only potentially cognizable claim was an alleged due process violation resulting from the Board's alleged failure to consider all of the "100's of exhibits . . . brought to the hearing." The court concluded, however, that the Board's statutory requirement was to consider "all pertinent information," 28 V.S.A. § 502(a), not necessarily every document brought to hearing, and that the allegations were insufficient to show a statutory or due process violation, to whatever extent due-process protections apply to such hearings. This appeal followed.

Appellant's sixty-four-page brief does not focus clearly on the trial court's dismissal of the complaint. The record, however, supports the ruling. As the court here recognized, we apply a liberal test to determine the sufficiency of pleadings, requiring only "fair notice of the claim and the grounds upon which it rests." Richards v. Town of Norwich, 169 Vt. 44, 49 (1999). A complaint need not set forth a detailed statement of facts, but simply a statement with sufficient factual clarity to support the elements of the claim and enable a reasonable response. See Colby v. Umbrella, Inc., 2008 VT 20, ¶¶ 7, 10, 184 Vt 1 (holding that, while complaint need not set forth "detailed allegations" of fact, failure to state any real facts to support claim supported dismissal). Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient to support a claim for relief. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quotation omitted) (cited in Colby, 2008 VT 20, ¶ 10).

The trial court here properly applied this test to dismiss the complaint, correctly concluding that the various claims were conclusory and lacking in adequate factual allegations. The APA allegation did not specify the specific regulations involved and how the lack of APA compliance caused the denial of his parole. The retaliation allegation did not specify what acts were the basis for the alleged retaliation. The court construed the equal protection argument as a claim that plaintiff was discriminated against because he was a sex offender, and the court responded that requiring sex offenders to complete specialized treatment as a condition of parole met rational basis equal protection standards. Plaintiff has not responded to this analysis. We find it correct and affirm it.

The court considered in more detail plaintiff's claim that the Board violated due process of law and 28 V.S.A. § 502(a). We agree with the trial court that the requirement that the Board consider all pertinent information under § 502(a) does not mean that the Board must read and consider all material supplied to it by plaintiff. We also agree with the trial court merely alleging that the Board did not review all of the "100's of exhibits" that he brought to the hearing was insufficient to state a due process violation, even assuming the same procedural rights as required for a parole revocation proceeding applied. See Parker v. Gorczyk, 170 Vt. 263, 271-72 (1999) (reviewing case law discussing distinction in liberty interests implicated by decision to revoke parole versus grant parole).

To a great extent, plaintiff's claims that the Board refused to consider pertinent information center on the Board's failure to view a video recording of an incident that gave rise to a disciplinary violation and grievance by plaintiff. He appears to argue that he was improperly disciplined for allegedly assaulting a correctional officer when he tossed a wad of paper toward a trash can. As a result of this discipline and/or his refusal to wrongly admit to the act he denied, he was denied certain programming. And, as a result of the false allegation and/or his failure to complete the programming he was denied parole. He argues that the video recording the Board did not view proves that the assault claim that triggered the above cascade of consequences was false. We conclude that even if the Board erred by failing to consider the video, any error is harmless. This Court previously considered an appeal of a violation of probation (VOP) based on plaintiff's failure to complete certain programming as a result of this paper-tossing incident. Cavett v.

2

<u>Pallitto</u>, 2015-383, 2016 WL 6593839 (Vt. Nov. 4, 2016), https://www. vermontjudiciary.org/LC/unpublishedeo.aspx. In that decision, we declined to review the underlying programming decision, but concluded that the trial court had the authority to review the allegations in connection with the VOP proceeding. In connection with our discussion, we noted that the video recording of the incident was admitted into evidence by the trial court and showed that defendant lobbed the paper, but because of the grainy quality of the video, it was impossible to determine whether the paper was lobbed directly toward the corrections officer or to her right. <u>Id.</u>, at *1-2. This Court has already rejected plaintiff's suggestion that the video demonstrates that the allegations against him were false. For that reason, any failure to consider the video was harmless, if error at all.

Plaintiff also raises a number of claims of misconduct by Board members and DOC employees that were unsupported in the complaint and properly dismissed. The claims against the correction staff persons cannot be considered because he failed to sue and serve these persons. Accordingly, we find no error and no basis to disturb the judgment.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice