# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 69-6-17 Vtec

| Town of Westford v. Pelkey |
|---|

## ENTRY REGARDING MOTION

Municipal enforcement action (69-6-17 Vtec)

Title:          Motion to Dismiss (Motion 3)

Filer:          Theodore and Michelle Pelkey

Attorney:       Brian P. Monaghan

Filed Date:     July 12, 2017

Response in Opposition filed on 08/18/2017 by Attorney Amanda S.E. Lafferty for the Town of Westford

**The motion is DENIED.**

The present enforcement action is filed by the Town of Westford ("Town") against Theodore and Michelle Pelkey ("Defendants"). Pending before the Court is Defendants' motion to dismiss the Town's complaint with prejudice, which was made within Defendants' July 12, 2017, Memorandum in Opposition to the Town's motion for a temporary restraining order and preliminary injunction.

The Town filed its verified complaint on June 1, 2017. Defendants own the property located at 2189 Vermont Route 128 in Westford, Vermont ("the Property"). The Town's complaint alleges Defendants have begun construction activities at the Property without first securing a zoning permit, as required by the Westford Land Use and Development Regulations and 24 V.S.A. § 4449(a)(1). Additionally, the Town alleges Defendants have added or changed the use of the Property. In their Answer, Defendants deny these allegations.

In their request for relief in both their answer and their response in opposition to the Town's motion for a temporary restraining order, Defendants ask the Court to dismiss the Plaintiffs' complaint with prejudice.[1] It appears the request is based in V.R.C.P. 12(b)(6), failure to state a claim upon which relief can be granted.

---

[1] The Court considers the Town's motion for a temporary restraining order and for preliminary injunction moot as of the October 23, 2017 telephonic status conference with the parties. At this conference, the parties represented that the Defendants have voluntarily ceased activities on the Property.

A party moving to dismiss litigation at the early stages of a proceeding must satisfy an exceptional legal standard.  In ruling on a 12(b)(6) motion, the Court assumes the factual allegations in the Plaintiff's pleading are true and that all contravening assertions made by the moving party are false.  Richards v. Town of Norwich, 169 Vt. 44, 48 (1999).  We will only grant dismissal if "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief."  Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citing Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309).

Defendants' request does not meet this high standard.  Currently before the Court is a "request" that the complaint be dismissed, without any supporting arguments or pleadings.  Assuming all allegations in the Town's complaint as true, this bald request is an insufficient basis for dismissing the matter at this stage.

For these reasons, we **DENY** the Defendants request to dismiss the pending enforcement action at this time.

**So Ordered.**

Electronically signed on February 20, 2018, at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Amanda S.E. Lafferty (ERN 5113), Attorney for Plaintiff Town of Westford
Brian P. Monaghan (ERN 1186), Attorney for Defendants Theodore and Michelle Pelkey