Filed 08/18/21

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-01074

| Rebekah Martin v. Trevor Putvain, et al |
| --- |

# ENTRY REGARDING MOTION

**Title:**      Motion to Dismiss Defendants Trevor Putvain and Jennifer Ward (Motion: 1)
**Filer:**      Susan J. Flynn
**Filed Date:**  May 25, 2021

The motion is GRANTED.

Plaintiff seeks damages for the wrongful death of her daughter Stella Rose Benjamin, a 36-week-old fetus who died when defendant Malcolm Putvain crossed the center line of Route 15 in Morrisville, VT and collided with Rebekah Martin's vehicle. Rebekah Martin was pregnant with Stella Rose Benjamin. Rebekah Martin and Malcolm Putvain sustained serious injuries. Rebekah Martin seeks compensatory damages from Malcom Putvain for negligent and grossly negligent operation of a motor vehicle. She also seeks compensatory damages from Trevor Putvain and Jennifer Ward, Malcom Putvain's parents, for negligent entrustment of their vehicle to their son.

Defendants Trevor Putvain and Jennifer Ward have moved to dismiss pursuant to Vermont Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to present any factual allegations showing Ms. Martin is entitled to relief from these defendants. For the reasons set forth below, the Motion to Dismiss is granted and Trevor Putvain and Jennifer Ward are dismissed from this proceeding.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted should only be granted if, with absolute certainty, there are no facts or circumstances that would entitle the plaintiff to relief. *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). In reviewing a motion to dismiss, the court assumes that all factual allegations in the complaint are true, and the court accepts all reasonable inferences that may arise from plaintiff's pleadings as true. *Richards v. Town of Norwich*, 169 Vt. 44, 48-49 (1999). A motion for failure to state a claim is not favored and rarely granted. *Association of Haystack Property Owners, Inc. v. Sprague*, 145 Vt. 443, 446-447 (1985).

Rule 8(a) requires that a complaint include a "short and plain statement" showing that the plaintiff is entitled to relief and a demand for the relief sought. See V.R.C.P. 8(a). A complaint need not provide a detailed and specific statement of the facts that constitute a cause of action, but must be sufficiently clear and certain to enable the defendant to respond. *Richards*, 169 Vt. at 49. The sufficiency of a complaint depends on whether the complaint provides fair notice of the claim and the grounds upon which the claim rests. *Id.*

## Count II. Negligent Entrustment

In her complaint, Plaintiff alleges that Defendants Trevor Putvain and Jennifer Ward knew or should have known that Malcolm Putvain should not have been driving a motor vehicle. The complaint goes on to allege that because Plaintiff is unaware as to why Malcolm Putvain crossed the center line, that Trevor Putvain and Jennifer Ward knew of facts that should have cautioned them against allowing Malcolm Putvain to use their vehicle. Paragraph 30 specifically alleges the following:

> Upon information and belief, because no explanation has been provided as to why Malcolm Putvain crossed into Rebekah Martin's lane of travel, there are reasonable grounds to believe that Defendants Trevor Putvain and Jennifer Ward knew of facts which should have cautioned them against a motor vehicle to Defendant Malcolm Putvain on July 15, 2021. [sic.]

The complaint lacks any facts to support what the alleged "reasonable grounds" are. Instead, the complaint is completely devoid of facts that would enable the defendants to respond. See *Richards*, 169 Vt. at 49.

The Vermont Supreme Court has adopted the Restatement (Second) of Torts rule of recovery for negligent entrustment:

> "It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

*Poplaski v. Lamphere*, 152 Vt. 251, 259 (1989), quoting § 308 of the Restatement (Second) of Torts

The Poplaski court went on to summarize negligent entrustment as having three elements: 1) that one individual entrusted a vehicle to another, 2) that individual knew or should have known the other presented an unreasonable risk of harm, and 3) the other negligently caused harm. *Id.* at 260.

Here, Plaintiff lacks any facts that would support the element that Trevor Putvain and Jennifer Ward knew or should have known that Malcolm Putvain presented an unreasonable risk of harm. Instead, the allegation is that because Plaintiff is unaware of why Malcolm crossed the center line, his parents must have known that he could not be entrusted with their vehicle.

Courts are not required to accept as true conclusory statements masquerading as facts. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10. Plaintiff has provided no facts in her complaint to support this allegation. "Plaintiffs cannot use lawsuits to go on a fishing expedition." *Prive v. Vermont Asbestos Grp.*, 2010 VT 2, ¶ 15. They must be able to provide fair notice of what the claim is and the grounds on which it rests. Baseless allegations lacking any facts at all cannot withstand Rule 8's notice requirement.

### Order

For the reasons set forth above, the Motion to Dismiss is *granted* as to Count II for Negligent Entrustment. Trevor Putvain and Jennifer Ward are dismissed as Defendants.

The case shall proceed on the claims against Malcolm Putvain. The attorneys shall submit a stipulation for a pretrial scheduling order by August 31, 2021.

Electronically signed pursuant to V.R.E.F. 9(d).

_Mary Miles Teachout_
Mary Miles Teachout
Superior Court Judge

August 16, 2021