2007 VT 80

**In re Edwin TOWNE**

**Edwin A. Towne, Jr. v. Leo Blais, et al.**

**Edwin A. Towne, Jr. v. State of Vermont**

[938 A.2d 1205]

Nos. 05-517, 05-523 & 05-524

¶ 1. August 21, 2007. Petitioner Edwin Towne, incarcerated on a murder conviction, see *State v. Towne*, 158 Vt. 607, 615 A.2d 484 (1992) (affirming conviction), appeals from the superior court's denial of his "Motion for Appropriate Relief, Pursuant to any Available Remedy, Including V.R.A.P. 21." The superior court, treating the motion as one for post-conviction relief, denied it, stating that "[t]his court is *not required* to entertain a second or successive motion for similar relief on behalf of the same prisoner." (Emphasis in original.) Petitioner's motion for recon-

sideration was also denied, and he appealed. We affirm.

¶ 2. Petitioner's initial motion, filed October 3, 2005, requested "Appropriate Relief, Pursuant to any Available Remedy, Including V.R.A.P. 21."* The motion included a section titled "Questions Presented" which raised the question "Was the stop and arrest of October 21, 1986 by Sgt. Leo Blaise of the Vermont State Police Il[l]egal?" The motion offered three reasons that the 1986 traffic stop was illegal: first, it violated petitioner's Second Amendment right to bear arms; second, it violated the analogous right under Chapter I, Article 16 of the Vermont Constitution; and third, petitioner had been subject to entrapment by estoppel in violation of his due process rights. Petitioner's motion also asserted that he received ineffective assistance from both trial and appellate counsel.

¶ 3. The superior court denied the motion in a brief entry order, holding as follows:

> The issues raised by the defendant in the petition concern the legality of his arrest on October 21, 1986. These issues were raised in both his direct appeal [*State v. Towne*, 158 Vt. 607, 628-30, 615 A.2d 484, 495-97 (1992)] and his many post-conviction petitions. See, e.g., *Towne v. State of Vermont*, 1064-99 CnCv. This court is *not required* to entertain a second or successive motion for similar relief on behalf of the same prisoner. Title 13 § 7134 (Successive Motions).

_____
* The motion was docketed in the superior court under three docket numbers that had originally been assigned to other matters involving petitioner. Petitioner contends that the use of these "defunct" docket numbers was reversible error. Even assuming that it was error, it was harmless.

Petitioner then moved for reconsideration of the denial, contending that the superior court had erred by construing the motion as one for post-conviction relief, which petitioner conceded was "an unavailable remedy." The motion asserted that the ineffective assistance of counsel "allows [petitioner] to raise the issue [pursuant to V.R.A.P. 21] in a post-conviction motion." Although it is not entirely clear from the motion what issue petitioner was referring to, it appears to be his claim that "the 5th, 6th and 14th Amendments were violated because [petitioner] did not receive Effective Assistance of Counsel at Trial or on direct appeal." The motion for reconsideration also asserted that defendant was "actually innocent" of the 1986 murder but has been unable to prove that innocence due to ineffective assistance of counsel.

¶ 4. The motion was denied, and petitioner appealed. On appeal, he presents three questions: (1) "Does this prove to the Court that there is no way I can ever get the Superior Court to rule on the merits of my claims," (2) "Will this Court hear my motions pursuant to V.R.A.P. 21 or some other rule so I can have my claims ruled on on their merits," and (3) "Does this Court allow use of the Actual Innocence Exception to excuse procedural default."

¶ 5. First, to the extent that petitioner's motion was properly construed as one for post-conviction relief (PCR), the superior court properly declined to rule on its merits. Petitioner's claims of constitutional error are barred from relitigation under the PCR statute unless petitioner is able to meet the standards recently announced in *In re Laws*, 2007 VT 54, ¶¶ 11, 20-22, 182 Vt. 66, 928 A.2d 1210. In *Laws*, we held first that § 7134 "bars relitigation of claims actually raised and decided on the merits in an earlier PCR." *Id.* ¶ 11. We further held that second and subsequent PCRs may be denied without a hearing if they constitute an "abuse of

the writ." A petitioner abuses the writ by "raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id.* ¶ 18 (quotation and citation omitted). The government bears the initial burden of pleading abuse of the writ, after which the petitioner bears the burden to disprove abuse by showing both cause for not raising the claim before, and that actual prejudice resulted from the claimed deficiency. *Id.* ¶ 21.

¶ 6. Here, petitioner's claims — that his underlying murder conviction was unconstitutional, and that the asserted infirmities were not raised at trial due to ineffective assistance of counsel — are all plainly barred from relitigation under the PCR statutes. Petitioner's claims do not clearly differ in substance from those already raised and ruled upon in petitioner's many prior petitions. Petitioner conceded in his initial motion that "I raised this [issue] in my original PCR." It is therefore unnecessary to remand, as we did in *Laws*; in that case findings were necessary to determine whether the petitioner had shown cause for not raising claims that had *not* been raised in prior PCRs. *Laws*, 2007 VT 54, ¶ 22.

¶ 7. Petitioner contends that the superior court erred by construing his motion as a PCR petition at all, however. He argues that the motion was one for extraordinary relief under V.R.A.P. 21. But apart from its title, petitioner's original motion did not address Rule 21 in any way, instead asserting several "Uncontestable Facts" relating to the stop and arrest that led to petitioner's murder conviction. Similarly, although petitioner's motion to reconsider does contain one sentence stating that the trial court "evidently did not know that it could have heard this motion as an extraordinary writ pursuant to [V.R.A.P. 21]," the motion returns quickly to familiar ground: attacking the validity of the warrant underlying his 1986 stop and arrest, and asserting that his right to bear arms was violated when he was stopped for being a felon in possession of a firearm. These arguments do not engage Rule 21; the rule requires that petitioner demonstrate "the reasons why there is no adequate remedy . . . by appeal or proceedings for extraordinary relief in the superior courts." V.R.A.P. 21(b). Petitioner's briefs on appeal similarly fail to meet Rule 21's requirements.

¶ 8. Petitioner's motion for reconsideration raised, for the first time, the contention that his procedural default should be excused under the "actual innocence" exception. He continues to press this claim, albeit obliquely, on appeal. We note at the outset that we have not adopted the "actual innocence" standard from the federal habeas corpus context for excusing procedural default in challenges to convictions under either 13 V.S.A. § 7131 or V.R.A.P. 21. And we need not decide today whether we will: even were we to adopt the federal standard, petitioner would have to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him," *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotations and citation omitted), and would have to "supplement[] his constitutional claim with a colorable showing of factual innocence." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quotations, emphasis and citation omitted). Petitioner has not met that burden merely by alleging, as he has many times before, his trial counsel's failure to call certain alibi witnesses. Nor would petitioner's contention at oral argument that he only recently became aware of the actual-innocence exception render his claims viable under the federal standard; the test is whether the constitutional errors recently became known to the petitioner, not whether the actual-innocence doctrine did.

¶ 9. Petitioner has failed to show that he is entitled to relief under any theory.

Accordingly, the superior court's order denying his motion for relief is affirmed.

*Affirmed.*

Motion for reargument denied September 14, 2007. Motion to clarify granted September 20, 2007.