NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 13

No. 2016-071

| | |
|---|---|
| Estella McClellan, Administrator of the Estate of Betty Jo McClellan | Supreme Court |
| v. | On Appeal from Superior Court, Chittenden Unit, Civil Division |
| Jeffrey E. Haddock, M.D. and Thomas Chittenden Health Center, PLC | June Term, 2016 |

Helen M. Toor, J.

William L. Durrell of Bookchin & Durrell, P.C., Montpelier, for Plaintiff-Appellant.

Craig S. Nolan and Kevin A. Lumpkin of Sheehey Furlong & Behm P.C., Burlington, for
 Defendants-Appellees.

PRESENT:  Reiber, C.J., Dooley, Skoglund and Eaton, JJ., and Teachout, Supr. J.,
                Specially Assigned

¶ 1.    **SKOGLUND, J.**  Plaintiff in this wrongful-death action appeals from a trial court judgment dismissing her complaint as untimely.  Plaintiff contends the trial court erred in: (1) denying her motion to amend the complaint to include a certificate of merit; (2) declining to treat the motion to amend as a petition to extend the statute of limitations; and (3) dismissing a claim for personal injuries incurred during the decedent's lifetime.  We affirm.

¶ 2.    As this appeal is from dismissal of a complaint, we assume all well-pled allegations to be true.  Richards v. Town of Norwich,169 Vt. 44, 48-49, 726 A.2d 81, 85 (1999).  On May 18, 2013, plaintiff's adult daughter died from a lethal combination of prescription and nonprescription

drugs. On May 15, 2015, three days before the expiration of the two-year statute of limitation for wrongful-death actions, plaintiff filed a complaint against her daughter's treating physician and his employer alleging that the physician had negligently prescribed multiple doses of sedatives and opiates which, taken in combination, caused her death. Service of the complaint was complete on June 18, 2015.

¶ 3. In July 2015, defendants moved to dismiss the complaint for failure to file a certificate of merit, as required by statute. The statute in question provides:

> (a) No civil action shall be filed to recover damages resulting from personal injury or death occurring on or after February 1, 2013, in which it is alleged that such injury or death resulted from the negligence of a health care provider, <u>unless the attorney or party filing the action files a certificate of merit simultaneously with the filing of the complaint</u>. In the certificate of merit, the attorney or party shall certify that he or she has consulted with a health care provider qualified pursuant to the requirements of Rule 702 of the Vermont Rules of Evidence and any other applicable standard, and that, based on the information reasonably available at the time the opinion is rendered, the health care provider has:
>
> (1) described the applicable standard of care;
>
> (2) indicated that based on reasonably available evidence, there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care;
>
> (3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care cause the plaintiff's injury.

12 V.S.A. § 1042(a) (emphasis added). The statute provides further that "failure to file the certificate of merit as required by this section shall be grounds for dismissal of the action without prejudice, except in the rare instances in which a court determines that expert testimony is not required to establish a case for medical malpractice." <u>Id</u>. § 1042(e). There is also a savings clause in the statute for claims that may expire before acquiring the necessary expert opinion: "Upon petition to the clerk of the court where the civil action will be filed, an automatic 90-day extension

2

of the statute of limitations shall be granted to allow the reasonable inquiry required by this section." Id. § 1042(d).

¶ 4.    In their motion to dismiss, defendants asserted that plaintiff had failed to "file a certificate of merit simultaneously with the filing of the complaint," as required by § 1042(a); that plaintiff had not alleged that the complaint fell within the "rare" category of cases in which expert testimony is not required, under § 1042(e); that plaintiff could not request a "90-day extension of the statute of limitations" under § 1042(d) because the statute had already expired; and therefore, that defendants had established the requisite "grounds for dismissal" under § 1042(f).

¶ 5.    In opposing the motion, plaintiff conceded that her attorney had not filed a separate certificate of merit but asserted that the "complaint itself incorporate[d]" the statutory requirements.[1]  Plaintiff relied, in this regard, on the complaint's allegations that defendants had breached professional standards of care resulting in decedent's demise; that plaintiff's counsel had signed the complaint, implicitly verifying that there was evidentiary support for the allegations; and that plaintiff's counsel had already provided defendants' counsel with a copy of her expert's preliminary opinion.

¶ 6.    Plaintiff also filed a motion to amend the complaint to add a certificate of merit. Plaintiff claimed an absolute right to amend under Vermont Rule of Civil Procedure 15(a),[2] and argued that the amendment containing the certificate should "relate back to the time of the filing of the original complaint" for purposes of compliance with the statute of limitation.  Defendants opposed the motion, maintaining that the filing of a complaint without a certificate of merit was

---

[1]  The trial court found that plaintiff's counsel "candidly admitted . . . that he did not file such a certificate because he was unaware of the statute."  Plaintiff does not dispute this finding.

[2]  The Rule in part provides: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served."  V.R.C.P. 15(a).

insufficient to toll the statute of limitations, and that granting the motion to amend would defeat the statutory purpose of eliminating meritless complaints before subjecting defendants to the time, expense, stigma, and anxiety of unwarranted litigation. In addition to the issues raised by the parties, the court requested briefing on whether it could "treat the motion to amend as the equivalent of a request for a 90-day extension" under the statute.

¶ 7. The trial court heard argument on the motions in November 2015 and issued a written ruling later that month. The court initially rejected plaintiff's claim that the complaint itself had effectively "incorporated" the certificate of merit requirements, observing that, even if it could be considered the equivalent of a certificate, the complaint did not describe the applicable standard of care or even allege that a qualified medical professional had been consulted. The court also ruled that the "one-page preliminary report" provided to defendants lacked the specific statutory elements required of a certificate of merit.

¶ 8. As to plaintiff's motion to amend, the court concluded that Rule 15 was inapplicable because plaintiff was not seeking to add a party or claim to the complaint that might relate back to the date of the original filing, but rather to add a certificate "entirely independent of the complaint itself." The court also agreed with defendants that routinely permitting plaintiffs to amend a complaint unsupported by the requisite certificate of merit would defeat the statute's purpose by subjecting defendants "to the burden of hiring a lawyer, filing an answer, having a publicly available court case pending against him or her, and undergoing the stress of being the subject of a lawsuit" with no assurance of its merit.

¶ 9. Nor, finally, was the court willing to consider the motion to amend as the equivalent of a ninety-day extension request under § 1042(d) because the statute plainly required that the request be filed <u>before</u> filing the complaint, not after. This was evident, the court reasoned, from the plain language of the statute, which requires that the ninety-day extension request be filed with the clerk of the court "where the civil action <u>will</u> be filed." 12 V.S.A. § 1042(d) (emphasis added).

4

In short, the court concluded that, although the Legislature could have provided otherwise as other states had done, our statute plainly required the filing of a certificate of merit "simultaneously" with the filing of a complaint; that plaintiff failed to comply with this requirement; and that dismissal was therefore warranted. Because the statute of limitations had expired, the court dismissed the complaint with prejudice and entered judgment for defendants.

¶ 10. Plaintiff subsequently moved for reconsideration, raising an additional argument. Plaintiff claimed that a certificate of merit was not required in this case because her complaint included a "survival action" for personal injuries suffered by the decedent before the statutory start date of February 1, 2013. See Id. § 1042(a) (requiring simultaneous filing of certificate of merit with complaint in any medical malpractice action "to recover damages resulting from personal injury or death occurring on or after February 1, 2013" (emphasis added)). The trial court denied the motion, finding that "[t]he only harm alleged in the complaint is the death," and that "there are no allegations of injury prior to that date." This appeal followed.

¶ 11. Plaintiff first renews her belated claim that a certificate of merit was not required because the complaint sought recovery for injuries suffered by the decedent before February 1, 2013.[3] The trial court correctly rejected the argument. As noted, plaintiff's complaint alleged, in relevant part, that decedent "was drugged to death" as a result of defendants' negligence "in prescribing large quantities of both sedatives and opiates" and other drugs. Under the caption "Legal Claims," the complaint alleged:

> 33. As a direct and proximate consequence of [defendant's] negligence, the Decedent died.
>
> 34. The Decedent and her Estate have suffered damages as a result.
>
> 35. The institution of this action by the Plaintiff against Defendants . . . is for the purpose of recovering all the damages

---

[3] Plaintiff has not renewed her claim that either the complaint itself or the preliminary report supplied to defendants before the complaint was filed satisfied the certificate-of-merit requirement.

> available to the heirs of Plaintiff's Decedent resulting from her death
> pursuant to 14 V.S.A. § 1492.

(Emphasis added.) Title 14, § 1492 codifies the right of action by a decedent's estate to recover for the wrongful death of the decedent.

¶ 12. As these allegations make clear, the only injury alleged in the complaint was the decedent's death, which occurred after the operative date of the certificate-of-merit requirement, and the only basis for recovery alleged was the wrongful death statute. Although plaintiff asserts that her general claim to have "suffered damages" somehow "stated a claim for personal injuries," the context shows unmistakably that the only harm alleged was the decedent's death. Plaintiff also cites an allegation in the complaint's recitation of facts to the effect that decedent "had a history of addiction to prescription drugs and an accidental overdose requiring hospitalization in May 2012." There was no allegation, however, that this overdose was caused by defendants' negligence or suggestion anywhere in the complaint that plaintiff was seeking recovery for any resulting personal injuries suffered by decedent. Even applying the "exceedingly low threshold" for withstanding a motion to dismiss, Prive v. Vt. Absestos Grp., 2010 VT 2, ¶ 14, 187 Vt. 280, 992 A.2d 1035 (quotation omitted), nothing in this factual allegation would support a reasonable inference or provide the requisite "fair notice" that plaintiff was seeking to recover for personal injuries incurred prior to February 1, 2013. Id. ¶ 15 (quotation omitted).[4]

---

[4] The dissent maintains that, liberally construed, the complaint stated a survival action "for the recovery of damages for a bodily hurt or injury" suffered by the decedent during her lifetime, as provided by 14 V.S.A. §§ 1451-1452. As noted, however, the complaint expressly confined itself to stating a claim for "damages available to the heirs of . . . Decedent resulting from her death pursuant to 14 V.S.A. §1492," which codifies the right to recover for wrongful death. Moreover, the complaint does not state or imply that it is seeking damages for bodily injury or pain and suffering experienced by the decedent during her lifetime, which is precisely what the survival statute was designed to provide. See Legg v. Britton, 64 Vt. 652, 656-57, 24 A. 1016, 1017 (1892) (explaining genesis of Vermont's survival statute, derived from "Lord Campbell's Act," which allows estate to recover such damages for medical expenses, "loss of service, and compensation for pain and suffering" that person injured could have recovered if he or she had survived); cf. Leo v. Hillman, 164 Vt. 94, 97, 665 A.2d 572, 574 (1995) (noting that administrator of decedent had brought action for "wrongful death . . . and a survival action for pain and suffering").

¶ 13.   Plaintiff next contends the trial court erred in failing to grant her motion to amend the complaint to add a certificate of merit.  The claim turns on the meaning of the certificate-of-merit statute.  Our task, therefore, is to ascertain and implement the legislative intent.  See Tarrant v. Dep't of Taxes, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999) ("When interpreting a statute, our principal goal is to effectuate the intent of the Legislature.").  In determining that intent, our principal source, at least initially, must be the language of the statute itself.  "Initially, in our attempts to ascertain legislative intent we look for guidance in the plain meaning of the words used.  If legislative intent is clear, the statute must be enforced according to its terms without resorting to statutory construction."  Id.  If the terms are ambiguous, however, intent may be inferred "through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law."  Id.

¶ 14.   As noted, the trial court denied the motion on essentially two grounds.  First, it concluded that Rule 15 was simply "inapplicable" because plaintiff was not, strictly speaking, attempting to amend the complaint but to add a certificate of merit, a "separate document . . . entirely independent of the complaint itself."  Although the certificate of merit certainly represents a separate and distinct statutory requirement, we are not persuaded that it is so "entirely independent of the complaint" itself that it is not subject to amendment in limited circumstances.[5]  The certificate-of-merit statute is not unique in requiring attachment of a separate document to a complaint.  See, e.g., 12 V.S.A. § 4852 (providing that, in action for ejectment, "[a] copy of the rental agreement, if any, and any notice to terminate the defendant's tenancy shall be attached to the complaint"); V.R.C.P. 80.1(b)(1) (providing that, in foreclosure proceedings, "[t]he plaintiff shall attach to the complaint copies of the original note and mortgage deed and proof of

---

[5]  See the discussion, infra, ¶¶ 25-26.

ownership thereof, including copies of all original endorsements and assignments of the note and mortgage deed").

¶ 15. Attachments of this nature, which are expressly required by statute and thus essential to the underlying cause of action, may therefore be considered an integral part of the complaint itself and effectively merged into the pleading. Indeed, we have held that, in certain circumstances, we may consider exhibits referenced in the complaint and "attached to the complaint." Wilbur v. Univ. of Vt., 129 Vt. 33, 42, 270 A.2d 889, 895 (1970). Moreover, in determining the sufficiency of a complaint, we may consider the "facts, reasonable factual inferences, and legal bases for recovery alleged in the complaint, attachments thereto, or . . . matters the court may judicially notice." Gilman v. Maine Mut. Fire Ins. Co., 2003 VT 55, ¶ 20, 175 Vt. 554, 830 A.2d 71 (mem.) (emphasis added); see also Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (observing that, in certain circumstances, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered"). Accordingly, we conclude that where, as here, a document is required by statute to be attached to the complaint and forms an essential predicate to the underlying action, it may be considered a part of the complaint for purposes of amendment.

¶ 16. Apart from this procedural issue, however, the question remains whether—consistent with the legislative intent—a medical malpractice complaint may be amended to supply a certificate of merit wholly omitted when the complaint was filed. As noted, the statute requires the filing of a certificate of merit "simultaneously with the filing of the complaint." 12 V.S.A. § 1042(a). That much is plain. The statute says nothing directly, however, about the possibility of later amending the complaint to add the required certificate. Nevertheless, we agree with defendants that permitting such an amendment would be fundamentally inconsistent with the statutory purpose.

¶ 17.    That purpose may be gleaned, in substantial part, from the documented legislative history. The certificate-of-merit statute was part of a broader legislative reform effort aimed at medical-malpractice litigation in Vermont.  The process began, as relevant here, in 2011, when the Legislature charged the Governor's Secretary of Administration with the task of submitting to the appropriate legislative committees "a proposal for potential improvement or reforms to the medical malpractice system for Vermont."  2011, No. 48, § 2(a)(7).  The result was a report submitted to the Legislature in January 2012, entitled "Medical Malpractice Reforms: Report and Proposal of the Secretary of Administration Pursuant to Act No. 48."

¶ 18.    The report explained that research had found that the principal concern expressed by health care providers was the burden of being the subject of a meritless lawsuit, and that "eventual dismissal" was an "inadequate remedy" for the associated professional and personal costs.  The report noted that many states had passed laws requiring either certificates or affidavits of merit "to screen out meritless claims at the outset" by requiring prior consultation with a qualified expert.  The report recommended, accordingly, specific legislation—set forth in an appendix—to require a certificate of merit containing each of the requirements that was ultimately enacted in 12 V.S.A. § 1042(a).  The report called specifically for the filing of the certificate "simultaneous with filing a malpractice claim, rather than after, so that the 'screening' of unsupported claims occurs before a plaintiff actually files a case against a physician."

¶ 19.    About two years after the enactment of 12 V.S.A. § 1042, the Agency of Administration submitted a follow-up report to the Legislature "to assess the impact these medical liability laws have had on the state of medical malpractice in Vermont."  The report observed that Vermont was now one of twenty-two states with a certificate-of-merit requirement, although it also recognized that there was substantial "variation between states in the timing of filing the certificate of merit."  Although some states, including Vermont, had opted to require the filing of a certificate of merit "at the same time as the complaint," others had chosen to be "more lenient

9

on the timeframe for submission of this document." The report cited New Jersey, which requires that plaintiffs file an affidavit of merit within sixty days after the defendant's answer, and authorizes the court to grant an additional sixty days for good cause. While acknowledging that data on the statute's impact in Vermont was relatively scarce in view of its recent enactment, the report found that lawyers generally did not find the certificate-of-merit requirement to be an added burden to what normally would be done in preparation for the filing of a medical malpractice action.

¶ 20. As the foregoing background demonstrates, the Legislature enacted the certificate-of-merit statute with a clear understanding that the purpose of the simultaneous-filing requirement was to ensure that claims against health care providers had been adequately investigated and determined to have merit by a qualified expert before they were filed. Plaintiff's "file first, review later, and amend as necessary" argument utterly defeats that purpose. Indeed, as the Agency of Administration report explained, the Legislature had other, more "lenient" statutory models to choose from that allowed a later-filed certificate but had plainly chosen the more stringent option. While it is thus tempting for this or any court to apply its own rules allowing the liberal amendment of complaints, it is essential to resist that approach where, as here, it would undermine a clear and specific legislative mandate.

¶ 21. We do not reach this conclusion, moreover, in a legal vacuum. Other states, as noted, have enacted similar statutes and addressed similar claims. Michigan, for example, provides that a plaintiff in a medical malpractice action "shall file with the complaint an affidavit of merit" certifying that a qualified health professional has reviewed the allegations and specifying the applicable standard of care, how it was breached, and the manner in which the breach proximately caused the injury. Mich. Comp. Laws Ann. § 600.2912d. In Scarsella v. Pollok, 607 N.W.2d 711 (Mich. 2000), the Michigan Supreme Court considered the meaning and effect of the statute based on a set of facts and claims that closely parallel those here. As here, the plaintiff in Scarsella filed

10

a medical malpractice complaint shortly before the expiration of the statute of limitations without the required affidavit of merit. Several months later, the defendant moved to dismiss, and—as here—the plaintiff responded by seeking to amend the complaint to append an untimely affidavit of merit, asserting that the amendment should relate back to the original filing. Id. at 712-13. The trial court denied the motion to amend and dismissed the complaint with prejudice. Id. at 712.

¶ 22. Michigan's high court affirmed. The court concluded that filing an affidavit of merit together with the complaint was mandatory; that "the mere tendering of a complaint without the required affidavit of merit [was] insufficient to commence the lawsuit;" and hence that the complaint alone "did not toll the period of limitation" for relation-back purposes. Id. at 713. To conclude otherwise, the court concluded, would "effectively repeal[] the statutory affidavit of merit requirement." Id. As the court explained, if plaintiffs were permitted to "routinely file their complaints without an affidavit" and "supplement[] the filing with an affidavit at some later date" as the plaintiff there advocated, it would "completely subvert[]" the statute and the "legislative remedy" provided. Id. Accordingly, the court held that the complaint was time-barred, and properly dismissed with prejudice.[6]

¶ 23. Another decision instructive for our analysis here is Thigpen v. Ngo, 558 S.E.2d 162 (N.C. 2002). There, as here, the plaintiff filed a medical malpractice complaint just before the statute of limitations expired without the required certification that the case had been reviewed by a qualified expert willing to testify that the care provided did not comply with professional

---

[6] Of course, if the statute of limitations had not yet expired, the court explained that nothing would prevent the plaintiff—after dismissal—from refiling the complaint with the required affidavit. Scarsella, 607 N.W.2d at 714. As the Michigan court in a subsequent decision explained: "When the untolled period of limitations expires before the plaintiff files a complaint accompanied by an [affidavit of merit], the case must be dismissed with prejudice on statute-of-limitations grounds. Dismissal without prejudice is proper, however, if the untolled limitations period has not yet expired." Ligons v. Crittenton Hosp., 803 N.W.2d 271, 279 (Mich. 2011).

standards.[7]  The plaintiff subsequently filed an amended complaint that included the certification, and the defendants moved to dismiss.  The trial court granted the motion, and the North Carolina Supreme Court affirmed.  As the court explained, the legislature's purpose in enacting the statute was "to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through [the] requirement of expert certification prior to the filing of a complaint," and thus allowing an amendment to add a certification after the complaint was filed "would conflict directly with the clear intent of the legislature."  Id. at 166; see also Keith v. N. Hosp. Dist. of Surry Cty., 499 S.E.2d 200, 202 (N.C. App. 1998) (rejecting plaintiff's assertion that failure to file certificate could "be corrected by subsequently amending the complaint pursuant to Rule 15(b) by adding the . . . certification and having that amendment relate back" because it "would defeat the objective of [the requirement] which . . . seeks to avoid the filing of frivolous malpractice claims").

¶ 24.   Other states have reached similar conclusions.  See, e.g., Fales v. Jacobs, 588 S.E.2d 294, 294-95 (Ga. Ct. App. 2003) (holding that statute requiring that malpractice plaintiff "file with the complaint an affidavit of an expert" did not permit later-filed amendment to supply missing affidavit because "[a] contrary holding would impermissibly gut the contemporaneous filing requirement"); Mahoney v. Doerhoff Surgical Servs., Inc., 807 S.W.2d 503, 507 (Mo. 1991) (upholding validity of statute providing court may dismiss medical malpractice complaint filed without requisite affidavit of merit as reasonable means to "protect the public and litigants from the cost of ungrounded medical malpractice claims"); Borger v. Eighth Jud. Dist. Ct., 102 P.3d 600, 606 (Nev. 2004) (holding that "dismissal, without leave to amend, for complete failure to attach an [expert] affidavit to the complaint" was "consistent with the underlying purpose of the

_____

[7]  Prior to filing the complaint, the plaintiff had actually applied for, and been granted, a 120-day extension of the limitations period under a statutory provision similar to 12 V.S.A. § 1042(d), which authorizes a ninety-day extension.  Thigpen, 558 S.E.2d at 163-64.

12

measure . . . to ensure that such actions be brought in good faith based upon competent expert opinion").

¶ 25.    Plaintiff notes that that the statutes at issue in North Carolina and Nevada provide that a complaint filed without the required certificate of merit "shall" be dismissed while 12 V.S.A § 1042(e) in contrast provides that "[t]he failure to file the certificate of merit as required by this section shall be grounds for dismissal."[8]  While the phrase "grounds for dismissal" does suggest that dismissal is not required in <u>every</u> case where the certificate of merit does not comport with the requirements of the statute, we do not read it to authorize a later-filed amendment to supply a certificate of merit otherwise <u>entirely omitted</u> from the original complaint.  As discussed, the overarching purpose of the statute is to protect defendants from the burden of defending medical malpractice claims lacking in expert support.  Dismissal of a complaint filed without the requisite certificate of merit attesting to such support is essential to effectuate that purpose.

¶ 26.    There may, however, be cases where a court could reasonably determine that a plaintiff's failure to file a conforming certificate of merit does not establish "grounds for dismissal" under 12 V.S.A. § 1042(e).  Such a case might arise, for example, where the plaintiff files a timely certificate of merit that nevertheless fails in some particular to meet the statutory requirements, and where allowing an amendment to correct the deficiency—rather than ordering dismissal— would not undermine the legislative purpose.  The court in <u>Scarsella</u> anticipated precisely this situation, cautioning that it was concerned "only [with] the situation in which a medical malpractice plaintiff <u>wholly omits</u> to file the affidavit required" by statute and that its holding did not necessarily "extend to a situation in which a court . . . determines that a timely filed affidavit is . . . defective" in some technical sense.  607 N.W.2d at 715 (emphasis added); see <u>Watts v.</u>

---

[8]  See <u>Thigpen</u>, 558 S.E.2d at 165 (statute provides that complaint lacking certificate of merit "shall be dismissed"); <u>Borger</u>, 102 P.3d at 604 (where plaintiff fails to file expert affidavit, court "shall dismiss the action").

13

<u>Canady</u>, 655 N.W.2d 784, 786 (Mich. Ct. App. 2003) (affirming denial of motion to dismiss complaint where counsel filed affidavit of merit under reasonable but mistaken belief that expert was specifically qualified in defendant's area of expertise to render opinion); cf. <u>Mouradian v. Goldberg</u>, 664 N.W.2d 805, 810 (Mich. Ct. App. 2003) (affirming dismissal of medical malpractice complaint where affidavit of merit failed to address professional standards of care and was so "grossly nonconforming" from statute that it was ineffective to toll statute of limitations)[9]; see also <u>Apa v. Rotman</u>, 680 N.E.2d 801, 804 (Ill. App. Ct. 1997) (observing that, "where a minor technical error is involved, permitting a plaintiff to amend [the expert affidavit] more closely furthers the purpose of [the statute] than dismissing with prejudice"); <u>Borger,</u> 102 P.3d at 606 (distinguishing failure to file affidavit from disputes over whether "a filed affidavit of merit complies the statute" and holding that courts "may grant leave to amend . . . disputed affidavits").

¶ 27.    Finally, plaintiff asserts that even if she could not amend the complaint to supply the missing certificate of merit, the trial court should have treated the motion to amend as the equivalent of a request for a ninety-day extension of the statute of limitations under § 1042(d). As noted, that section provides that, "[u]pon petition to the clerk of the court where the civil action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by this section." The trial court correctly concluded, however, that the phrase "where the civil action <u>will be filed</u>" plainly requires that an extension-request <u>precede</u> the filing of the complaint. This is consistent with the legislative purpose of requiring that plaintiffs conduct their investigation and obtain the requisite expert opinion before subjecting defendants to the burdens of litigation. We would add, moreover, that even if § 1042(d)

---

[9]  The Michigan Supreme Court later held that a health care expert's affidavit of merit could not be considered a "pleading" under the State's "restrictive" statutory definition of the term and therefore that a deficient affidavit could not be amended under the procedural rule permitting amendment of pleadings. <u>Crittenton Hosp.</u>, 803 N.W.2d at 283-84. As discussed earlier, however, we do not read § 1042 to require that we treat the certificate of merit as entirely distinct from the complaint itself.

14

could be construed to authorize an extension-request after the filing of a complaint, the trial court here could not have granted a ninety-day extension of a statute of limitation that had already expired when the motion to amend was filed. Accordingly, we find no error, and no basis to disturb the judgment.[10]

Affirmed.

FOR THE COURT:

_____

Associate Justice

¶ 28. **REIBER, C.J., dissenting.** The outcome in this case is not mandated by the statutory language or its purpose. The certificate-of-merit requirement is to provide a mechanism to easily identify and dismiss baseless malpractice claims against health providers. The statute recognizes, however, that plaintiffs with legitimate claims may require extra time to comply with this requirement and provides for an automatic ninety-day extension. Plaintiff's motion to amend the complaint should have been treated as such a request and allowed to go forward. Precluding plaintiff from doing so does not forward the goal of ferreting out unmerited claims and is inconsistent with this state's preference of deciding cases on their merits and preserving the constitutional right of access to the courts. Moreover, under our liberal pleading rules, plaintiff adequately pleaded claims for injuries occurring prior to the statutory effective date that were not

---

[10] We note that the trial court's judgment of dismissal "<u>with</u> prejudice" was technically not authorized under the statute providing that failure to file the requisite certificate of merit "shall be grounds for dismissal of the action <u>without</u> prejudice." 12 V.S.A. § 1042(e) (emphasis added). Any error, however, was simply one of form; the statute of limitations had already expired, so even if the trial court had dismissed without prejudice and plaintiff had refiled the complaint, it would have been subsequently dismissed with prejudice as time-barred. See <u>White v. Tariq</u>, 299 S.W.3d 1, 5 (Mo. Ct. App. 2009) (acknowledging that dismissal "without prejudice" for failure to file certificate of merit, while technically in compliance with statute, essentially "amounts to a dismissal with prejudice" where any new complaint would otherwise be barred by statute of limitation (quotation omitted)).

subject to the certificate-of-merit requirement. For these reasons, I would reverse and dissent from the majority's affirmance of the dismissal.

¶ 29.    I have two main points. First, plaintiff's motion to amend the complaint sufficiently requested to extend the limitations period for ninety days to file the certificate and under the statute plaintiff was entitled to take advantage of this automatic extension. Second, a liberal reading of the complaint demonstrates that plaintiff pleaded acts occurring before the statutory requirement went into effect and therefore the court erred in dismissing the entire case.

¶ 30.    I begin with a reminder that this state in general applies very liberal pleading requirements. Motions to dismiss under Vermont Rule of Civil Procedure 12(b)(6) for failure to state a claim are "are disfavored and are rarely granted." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1, 955 A.2d 1082. They are granted only where "there exist no facts or circumstances that would entitle the plaintiff to relief." Richards v. Town of Norwich, 169 Vt. 44, 48, 726 A.2d 81, 85 (1999) (quotation omitted). In addition, Vermont has a tradition of liberally allowing amendments to pleadings in part so that claims are decided based on their merits, not a technicality. Colby, 2008 VT 20, ¶ 4. The rules strike a balance between encouraging valid, yet undeveloped, claims while "discouraging baseless or legally insufficient ones." Id. ¶ 13.

¶ 31.    The statute modifies general pleading requirements by requiring that in cases seeking to recover damages for personal injury or wrongful death resulting from the negligence of a health-care provider, plaintiffs must file "a certificate of merit simultaneously with the filing of the complaint." 12 V.S.A. § 1042(a). The requirement is tempered by an additional provision, which states: "Upon petition to the clerk of the court where the civil action will be filed, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by this section." Id. § 1042(d). The critical question is whether this automatic extension applied in this case.

¶ 32.   In construing this statute, the aim is to "effectuate the intent of the Legislature." Tarrant v. Dep't of Taxes, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999).  To do this we apply familiar rules of construction, looking first to the language and applying the ordinary meaning of the words used.  Id.

¶ 33.   The plain language used in § 1042(d) indicates that the ninety-day extension, if requested, must be given.  This follows from the language used in the statute indicating that the extension "shall be granted" following petition to the clerk and the use of the word "automatic."

¶ 34.   The undisputed facts indicate that if plaintiff's motion to amend the complaint is construed as a petition to extend the limitations period, such extension would have brought plaintiff's claim within the time period for filing.  The decedent died on May 18, 2013, and plaintiff filed the complaint on May 15, 2015, just days before the two-year statute of limitations expired.  Plaintiff failed to append a certificate of merit, which was required for at least the wrongful death claim alleged.  After defendant moved to dismiss for failure to submit the certificate, on August 4, 2015, plaintiff filed a motion to amend the complaint to add the certificate and attached both an amended complaint and the required certificate.  This was done within ninety days of the expiration of the statute of limitations period.  Therefore, the sole question is whether plaintiff in this case properly requested the extension because if it was requested than there was no basis to deny it.

¶ 35.   No procedure is set forth in the statute; it simply states that an extension must be sought by "petition."  Because the statute is silent, and therefore ambiguous, on this point, the requirements for such a petition must be gleaned from a "consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." Tarrant, 169 Vt. at 197, 733 A.2d at 739.  Here, the overall purpose of the certificate requirement, as the majority has determined, is to identify unmerited claims against health care providers early in the process to avoid unnecessarily subjecting defendants to the burdens of litigation.  The inclusion of the ninety-day extension also indicates, however, that the Legislature did not intend

17

to deny parties access to the courts where there was a meritorious claim, but there had been inadequate time for an investigation.

¶ 36. In addition, in construing this statutory provision, we should be mindful of the Vermont Constitution, which guarantees all litigants access to the courts. Vt. Const., ch. I, art. 4 ("Every person within this state ought to find a certain remedy . . . ."). Therefore, we should construe the provisions of the statute liberally so as to not restrict this right of access. See In re G.T., 170 Vt. 507, 517, 758 A.2d 301, 308 (2000) (explaining that "statutes should be construed to avoid constitutional difficulties, if possible"); see also Kukral v. Mekras, 679 So. 2d 278, 284 (Fla. 1996) ("We agree with the proposition that the medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses.").

¶ 37. Based on these principles, plaintiff's motion to amend the complaint was sufficient to act as a "petition" to extend the limitations period by ninety days. The motion essentially asked that the period for compliance with the certificate requirement be extended. Indeed, the motion was so recognizable as such a petition that the trial court immediately recognized it as such. This Court has in the past looked that substance of a motion, not the label it is given, to construe its meaning. See In re Towne, 2007 VT 80, ¶ 7, 182 Vt. 614, 938 A.2d 1205 (mem.) (rejecting argument that court erred in construing motion labeled as "extraordinary relief" as petition for post-conviction relief where substance of motion indicated it was latter).

¶ 38. Nonetheless, the majority concludes that the motion could not be construed as a petition to extend the limitations period because the majority concludes that the statute requires a petition to be filed prior to the filing of the complaint and before expiration of the limitations period.

18

¶ 39.   Beginning with the latter point, there is nothing in the statutory language that indicates the request for an extension must be made prior to the expiration of the limitations period. The statute is totally silent on this issue.  Absent an express provision otherwise, the statute should be construed bearing in mind this state's preference of deciding cases on their merits, not technicalities, and so as to not preclude access to the courts.  Colby, 2008 VT 20, ¶ 4; Nichols v. Hofmann, 2010 VT 36, ¶ 4, 188 Vt. 1, 998 A.2d 1040 (emphasizing importance of maintaining "open access to the courts" and "preference for dispositions on the merits").  Because adding a requirement that the extension be requested prior to expiration of the limitations period would restrict access to the courts and prevent adjudication on the merits without furthering the purpose of identifying unmerited claims, no such additional requirement should be read into the statute.[11]

¶ 40.   The majority further concludes that the request for an extension must be made before the complaint is filed based on the language "will be filed" and the overall legislative purpose of requiring that plaintiffs conduct their investigation prior to filing a complaint.  This interpretation is faulty for several reasons.  First, the language used is not mandatory.  "It is generally well-accepted law that a statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provision."  In re Mullestein, 148 Vt. 170, 173-74, 531 A.2d 890, 892 (1987) (quotation and alteration omitted).  Words like "shall" or "must" indicate that provisions are mandatory not directory.  See In re Jones, 2009 VT 113, ¶ 9, 187 Vt. 1, 989 A.2d 482 (interpreting use of word "shall" and inclusion of remedy as indication that provision is

_____

[11]   In general, this Court construes statutes and rules in a way that allows for adjudication of a claim on its merits rather than on a procedural technicality.  For example, this Court recently construed a rule as allowing extension of the period for serving a timely filed complaint even where the motion was filed past the expiration of the limitations period.  See Clark v. Baker, 2016 VT 42, ¶ 15, __ Vt. __, 146 A.3d 326; see also Ying Ji v. Heide, 2013 VT 81, ¶ 6, 194 Vt. 546, 82 A.3d 1160 (noting that "the law favors disposition of cases on their merits" and reversing denial of motion to set aside judgment).

mandatory). Under this test, the statute is directory. The statute uses "will," which appears to contemplate, although not require, that the extension be sought prior to filing the complaint and there is no consequence for failure to make a petition prior to expiration of the limitations period.

¶ 41. Second, requiring that the extension be requested before the complaint is filed does not further the statutory purpose or lessen any prejudice to a defendant. In practicality, whether the plaintiff files the complaint and then seeks the extension, or seeks the extension and then files the complaint, the burden on the defendant is the same. If an extension can be sought after the limitations period has run, then it is immaterial whether the complaint is filed before the request to extend time to file the certificate. In this case, an amended complaint was filed at the same time plaintiff filed the request for the extension. Therefore, even if plaintiff had to make the request before the filing the complaint, plaintiff did so.[12]

¶ 42. My second overall objection to the majority's dismissal of the complaint is that, even if plaintiff did not adequately request the automatic ninety-day extension, the court erred in dismissing plaintiff's entire complaint because some allegations were outside of the statute's scope. The certificate of merit is required for personal injuries occurring on or after February 1, 2013. 12 V.S.A. § 1042(a). Plaintiff did not have to file a certificate for injuries occurring before that date.

¶ 43. This Court reviews decisions on a motion to dismiss de novo and "will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT

---

[12] I also note that this interpretation is consistent with the overall statutory purpose of providing for early dismissal of claims that lack any merit. But it bears no intent to modify our well-established liberal notice pleading standards. Moreover, this interpretation is consistent with the purpose of the extension clause, which is to allow plaintiffs adequate time to undertake the necessary investigation to comply with the certificate requirement.

20

37, ¶ 6, 198 Vt. 420, 115 A.3d 1009 (quotation omitted). We assume the facts as pleaded are true and will allow the pleading to go forward if the allegations are sufficient to state a claim. Id.

¶ 44. To survive a motion to dismiss, plaintiff had to allege that defendant was negligent, failed to conform to the standard of care, and that decedent's injuries were proximately caused by that negligent conduct. See Senesac v. Assocs. in Obstetrics & Gynecology, 141 Vt. 310, 313, 449 A.2d 900, 902 (1982) (setting forth elements of medical malpractice action). The facts as alleged in the complaint are sufficient to state a claim for medical malpractice for injuries that occurred prior to February 1, 2013.

¶ 45. The complaint alleged that the decedent died on May 18, 2013 so recovery for negligence related to the death certainly fell within the scope of the statute. But the complaint also alleged facts that occurred before the February 1, 2013 cut off, including: Defendant Dr. Haddock began treating decedent in August 2009; over the next four years of treatment, decedent filled at least 500 prescriptions written by Dr. Haddock; Dr. Haddock was informed by decedent's pharmacist of concerns he had with the type and quantity of drugs prescribed by Dr. Haddock for decedent; plaintiff spoke to Dr. Haddock in May 2012 asking that he refrain from prescribing so many narcotics; and decedent suffered an accidental overdose and required hospitalization in May 2012. In the legal claims section, the complaint states that defendant was negligent in prescribing large quantities of sedatives and opiates, deviated from the standard of care, and as a result of Dr. Haddock's actions, decedent and her estate suffered damages. The amended complaint includes language as follows:

> 28. Dr. Haddock was negligent, breached his duty to the Decedent, and deviated from the standard of care in prescribing repeated large quantities of both sedatives and opiates in the same time frames as these combinations are very likely to produce marked mental confusion, adding to the risks of accidental overdose.
>
> 29. Dr. Haddock was negligent, breached his duty to the Decedent and deviated from the standard of care in prescribing Venlafaxine

21

and Citalopram in overlapping time periods as they raise the risk of serotonin syndrome, a life-threatening condition.

. . . .

34. The Decedent and her Estate have suffered damages as a result.

The majority reads the complaint as stating a claim for damages suffered as a result of decedent's death only, but the complaint also alleges damages for injuries decedent suffered before she died as a result of Dr. Haddock's negligent acts.

¶ 46.    The complaint alleged that defendant's negligent acts began in August 2009 and continued for several years, that those actions were below the standard of care, and that as a result plaintiff suffered damages.  This is sufficient under our liberal pleading requirements to make a claim that decedent suffered injuries prior to death resulting from defendant's negligent conduct.  See Colby, 2008 VT 20, ¶ 13 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it.  Its purpose is to initiate the cause of action, not prove the merits of the plaintiff's case." (citation omitted)).  Because these injuries occurred prior to the effective date of the statute, they did not require a certificate of merit.  Therefore, at the very least, the court should have allowed this claim to proceed.

_____

Chief Justice