REIBER, C.J., dissenting.
 

 ¶ 28. The outcome in this case is not mandated by the statutory language or its purpose. The certificate-of-merit requirement is to provide a mechanism to easily identify and dismiss baseless malpractice claims against health providers. The statute recognizes, however, that plaintiffs with legitimate claims may require extra time to comply with this requirement and provides for an automatic ninety-day extension. Plaintiff's motion to amend the complaint should have been treated as such a request and allowed to go forward. Precluding plaintiff from doing so does not forward the goal of ferreting out unmerited claims and is inconsistent with this state's preference of deciding cases on their merits and preserving the constitutional right of access to the courts. Moreover, under our liberal pleading rules, plaintiff adequately pleaded claims for injuries occurring prior to the statutory effective date that were not subject to the certificate-of-merit requirement. For these reasons, I would reverse and dissent from the majority's affirmance of the dismissal.
 

 ¶ 29. I have two main points. First, plaintiff's motion to amend the complaint sufficiently requested to extend the limitations period for ninety days to file the certificate and under the statute plaintiff was entitled to take advantage of this automatic extension. Second, a liberal reading of the complaint demonstrates that plaintiff pleaded acts occurring before the statutory requirement went into effect and therefore the court erred in dismissing the entire case.
 

 ¶ 30. I begin with a reminder that this state in general applies very liberal pleading requirements. Motions to dismiss under Vermont Rule of Civil Procedure 12(b)(6) for failure to state a claim are "are disfavored and are rarely granted."
 
 Colby v. Umbrella, Inc.
 
 ,
 
 2008 VT 20
 
 , ¶ 5,
 
 184 Vt. 1
 
 ,
 
 955 A.2d 1082
 
 . They are granted only where "there exist no facts or circumstances that would entitle the plaintiff to relief."
 
 Richards v. Town of Norwich
 
 ,
 
 169 Vt. 44
 
 , 48,
 
 726 A.2d 81
 
 , 85 (1999) (quotation omitted). In addition, Vermont has a tradition of liberally allowing amendments to pleadings in part so that claims are decided based on their merits, not a technicality.
 
 Colby
 
 ,
 
 2008 VT 20
 
 , ¶ 4,
 
 184 Vt. 1
 
 ,
 
 955 A.2d 1082
 
 . The rules strike a balance between encouraging valid, yet undeveloped, claims while "discouraging baseless or legally insufficient ones."
 
 Id.
 
 ¶ 13.
 

 ¶ 31. The statute modifies general pleading requirements by requiring that in cases seeking to recover damages for personal injury or wrongful death resulting from the negligence of a health-care provider, plaintiffs must file "a certificate of merit simultaneously with the filing of the complaint." 12 V.S.A. § 1042(a). The requirement is tempered by an additional provision, which states: "Upon petition to the clerk of the court where the civil action will be filed, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by this section."
 
 Id.
 
 § 1042(d). The critical question is whether this automatic extension applied in this case.
 

 ¶ 32. In construing this statute, the aim is to "effectuate the intent of the Legislature."
 
 Tarrant v. Dep't of Taxes
 
 ,
 
 169 Vt. 189
 
 , 197,
 
 733 A.2d 733
 
 , 739 (1999). To do this we apply familiar rules of construction, looking first to the language and applying the ordinary meaning of the words used.
 

 Id.
 

 ¶ 33. The plain language used in § 1042(d) indicates that the ninety-day extension, if requested, must be given. This follows from the language used in the statute indicating that the extension "shall be granted" following petition to the clerk and the use of the word "automatic."
 

 ¶ 34. The undisputed facts indicate that if plaintiff's motion to amend the complaint is construed as a petition to extend the limitations period, such extension would have brought plaintiff's claim within the time period for filing. The decedent died on May 18, 2013, and plaintiff filed the complaint on May 15, 2015, just days before the two-year statute of limitations expired. Plaintiff failed to append a certificate of merit, which was required for at least the wrongful death claim alleged. After defendant moved to dismiss for failure to submit the certificate, on August 4, 2015, plaintiff filed a motion to amend the complaint to add the certificate and attached both an amended complaint and the required certificate. This was done within ninety days of the expiration of the statute of limitations period. Therefore, the sole question is whether plaintiff in this case properly requested the extension because if it was requested than there was no basis to deny it.
 

 ¶ 35. No procedure is set forth in the statute; it simply states that an extension must be sought by "petition." Because the statute is silent, and therefore ambiguous, on this point, the requirements for such a petition must be gleaned from a "consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law."
 
 Tarrant
 
 , 169 Vt. at 197,
 
 733 A.2d at 739
 
 . Here, the overall purpose of the certificate requirement, as the majority has determined, is to identify unmerited claims against health care providers early in the process to avoid unnecessarily subjecting defendants to the burdens of litigation. The inclusion of the ninety-day extension also indicates, however, that the Legislature did not intend to deny parties access to the courts where there was a meritorious claim, but there had been inadequate time for an investigation.
 

 ¶ 36. In addition, in construing this statutory provision, we should be mindful of the Vermont Constitution, which guarantees all litigants access to the courts. Vt. Const., ch. I, art. 4 ("Every person within this state ought to find a certain remedy ...."). Therefore, we should construe the provisions of the statute liberally so as to not restrict this right of access. See
 
 In re
 

 G.T.
 
 ,
 
 170 Vt. 507
 
 , 517,
 
 758 A.2d 301
 
 , 308 (2000) (explaining that "statutes should be construed to avoid constitutional difficulties, if possible"); see also
 
 Kukral v. Mekras
 
 ,
 
 679 So.2d 278
 
 , 284 (Fla. 1996) ("We
 agree with the proposition that the medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses.").
 

 ¶ 37. Based on these principles, plaintiff's motion to amend the complaint was sufficient to act as a "petition" to extend the limitations period by ninety days. The motion essentially asked that the period for compliance with the certificate requirement be extended. Indeed, the motion was so recognizable as such a petition that the trial court immediately recognized it as such. This Court has in the past looked at the substance of a motion, not the label it is given, to construe its meaning. See
 
 In re Towne
 
 ,
 
 2007 VT 80
 
 , ¶ 7,
 
 182 Vt. 614
 
 ,
 
 938 A.2d 1205
 
 (mem.) (rejecting argument that court erred in construing motion labeled as "extraordinary relief" as petition for post-conviction relief where substance of motion indicated it was latter).
 

 ¶ 38. Nonetheless, the majority concludes that the motion could not be construed as a petition to extend the limitations period because the majority concludes that the statute requires a petition to be filed prior to the filing of the complaint and before expiration of the limitations period.
 

 ¶ 39. Beginning with the latter point, there is nothing in the statutory language that indicates the request for an extension must be made prior to the expiration of the limitations period. The statute is totally silent on this issue. Absent an express provision otherwise, the statute should be construed bearing in mind this state's preference of deciding cases on their merits, not technicalities, and so as to not preclude access to the courts.
 
 Colby
 
 ,
 
 2008 VT 20
 
 , ¶ 4,
 
 184 Vt. 1
 
 ,
 
 955 A.2d 1082
 
 ;
 
 Nichols v.
 

 Hofmann
 
 ,
 
 2010 VT 36
 
 , ¶ 4,
 
 188 Vt. 1
 
 ,
 
 998 A.2d 1040
 
 (emphasizing importance of maintaining "open access to the courts" and "preference for dispositions on the merits"). Because adding a requirement that the extension be requested prior to expiration of the limitations period would restrict access to the courts and prevent adjudication on the merits without furthering the purpose of identifying unmerited claims, no such additional requirement should be read into the statute.
 
 [11]
 

 ¶ 40. The majority further concludes that the request for an extension must be made before the complaint is filed based on the language "will be filed" and the overall legislative purpose of requiring that plaintiffs conduct their investigation prior to filing a complaint. This interpretation is faulty for several reasons. First, the language used is not mandatory. "It is generally well-accepted law that a statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provision."
 
 In re Mullestein
 
 ,
 
 148 Vt. 170
 
 , 173-74,
 
 531 A.2d 890
 
 , 892 (1987) (quotation and alteration omitted). Words like "shall" or "must" indicate that provisions are mandatory not directory. See
 
 In re Jones
 
 ,
 
 2009 VT 113
 
 , ¶ 9,
 
 187 Vt. 1
 
 ,
 
 989 A.2d 482
 
 (interpreting
 use of word "shall" and inclusion of remedy as indication that provision is mandatory). Under this test, the statute is directory. The statute uses "will," which appears to contemplate, although not require, that the extension be sought prior to filing the complaint and there is no consequence for failure to make a petition prior to expiration of the limitations period.
 

 ¶ 41. Second, requiring that the extension be requested before the complaint is filed does not further the statutory purpose or lessen any prejudice to a defendant. In practicality, whether the plaintiff files the complaint and then seeks the extension, or seeks the extension and then files the complaint, the burden on the defendant is the same. If an extension can be sought after the limitations period has run, then it is immaterial whether the complaint is filed before the request to extend time to file the certificate. In this case, an amended complaint was filed at the same time plaintiff filed the request for the extension. Therefore, even if plaintiff had to make the request before the filing of the complaint, plaintiff did so.
 
 [12]
 

 ¶ 42. My second overall objection to the majority's dismissal of the complaint is that, even if plaintiff did not adequately request the automatic ninety-day extension, the court erred in dismissing plaintiff's entire complaint because some allegations were outside of the statute's scope. The certificate of merit is required for personal injuries occurring on or after February 1, 2013. 12 V.S.A. § 1042(a). Plaintiff did not have to file a certificate for injuries occurring before that date.
 

 ¶ 43. This Court reviews decisions on a motion to dismiss de novo and "will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief."
 
 Birchwood Land Co. v. Krizan
 
 ,
 
 2015 VT 37
 
 , ¶ 6,
 
 198 Vt. 420
 
 ,
 
 115 A.3d 1009
 
 (quotation omitted). We assume the facts as pleaded are true and will allow the pleading to go forward if the allegations are sufficient to state a claim.
 

 Id.
 

 ¶ 44. To survive a motion to dismiss, plaintiff had to allege that defendant was negligent, failed to conform to the standard of care, and that decedent's injuries were proximately caused by that negligent conduct. See
 
 Senesac v. Assocs. in Obstetrics & Gynecology
 
 ,
 
 141 Vt. 310
 
 , 313,
 
 449 A.2d 900
 
 , 902 (1982) (setting forth elements of medical malpractice action). The facts as alleged in the complaint are sufficient to state a claim for medical malpractice for injuries that occurred prior to February 1, 2013.
 

 ¶ 45. The complaint alleged that the decedent died on May 18, 2013 so recovery for negligence related to the death certainly fell within the scope of the statute. But the complaint also alleged facts that occurred before the February 1, 2013 cut off, including: Defendant Dr. Haddock began treating decedent in August 2009; over the next four years of treatment, decedent filled at least 500 prescriptions written by Dr. Haddock; Dr. Haddock was informed by decedent's pharmacist of concerns he had with the type and quantity of drugs prescribed by Dr. Haddock for decedent; plaintiff spoke to Dr. Haddock in May 2012 asking that he refrain from prescribing so
 many narcotics; and decedent suffered an accidental overdose and required hospitalization in May 2012. In the legal claims section, the complaint states that defendant was negligent in prescribing large quantities of sedatives and opiates, deviated from the standard of care, and as a result of Dr. Haddock's actions, decedent and her estate suffered damages. The amended complaint includes language as follows:
 

 28. Dr. Haddock was negligent, breached his duty to the Decedent, and deviated from the standard of care in prescribing repeated large quantities of both sedatives and opiates in the same time frames as these combinations are very likely to produce marked mental confusion, adding to the risks of accidental overdose.
 

 29. Dr. Haddock was negligent, breached his duty to the Decedent and deviated from the standard of care in prescribing Venlafaxine and Citalopram in overlapping time periods as they raise the risk of serotonin syndrome, a life-threatening condition.
 

 ....
 

 34. The Decedent and her Estate have suffered damages as a result.
 

 The majority reads the complaint as stating a claim for damages suffered as a result of decedent's death only, but the complaint also alleges damages for injuries decedent suffered before she died as a result of Dr. Haddock's negligent acts.
 

 ¶ 46. The complaint alleged that defendant's negligent acts began in August 2009 and continued for several years, that those actions were below the standard of care, and that as a result plaintiff suffered damages. This is sufficient under our liberal pleading requirements to make a claim that decedent suffered injuries prior to death resulting from defendant's negligent conduct. See
 
 Colby
 
 ,
 
 2008 VT 20
 
 , ¶ 13,
 
 184 Vt. 1
 
 ,
 
 955 A.2d 1082
 
 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it. Its purpose is to initiate the cause of action, not prove the merits of the plaintiff's case." (citation omitted)). Because these injuries occurred prior to the effective date of the statute, they did not require a certificate of merit. Therefore, at the very least, the court should have allowed this claim to proceed.
 

 In general, this Court construes statutes and rules in a way that allows for adjudication of a claim on its merits rather than on a procedural technicality. For example, this Court recently construed a rule as allowing extension of the period for serving a timely filed complaint even where the motion was filed past the expiration of the limitations period. See
 
 Clark v. Baker
 
 ,
 
 2016 VT 42
 
 , ¶ 15,
 
 201 Vt. 610
 
 ,
 
 146 A.3d 326
 
 ; see also
 
 Ying Ji v. Heide
 
 ,
 
 2013 VT 81
 
 , ¶ 6,
 
 194 Vt. 546
 
 ,
 
 82 A.3d 1160
 
 (noting that "the law favors disposition of cases on their merits" and reversing denial of motion to set aside judgment).
 

 I also note that this interpretation is consistent with the overall statutory purpose of providing for early dismissal of claims that lack any merit. But it bears no intent to modify our well-established liberal notice pleading standards. Moreover, this interpretation is consistent with the purpose of the extension clause, which is to allow plaintiffs adequate time to undertake the necessary investigation to comply with the certificate requirement.