VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00023

| AHL Investments LP Site Plan Approval |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss Appeal (Motion: 1)

Filer:          L. Brooke Dingledine, attorney for AHL Investments, LP

Filed Date:     May 03, 2021

No response filed.

**The motion is GRANTED.**

AHL Investments LP ("Applicant") received site plan approval for its proposed redevelopment on a parcel of land in the High Residential Density Zoning District ("HDR District") in the Town of Morrisville. The approved plan calls for an existing residential duplex to be razed and replaced with a 16-unit residential apartment building. When the Town of Morrisville Development Review Board ("DRB") approved Applicant's site plan application, Craig Santenello ("Appellant") filed a timely appeal of the DRB approval with this Court.

Normally, a development such as Applicant here proposes would be required to receive both site plan and conditional use approval, pursuant to the applicable provisions of the Town of Morrisville 2021 Zoning and Subdivision Bylaws ("Bylaws").[1] However, since a separate 9-unit apartment building that is presently being constructed on the same parcel of land already received conditional use and site plan approval just last year, Applicant alleges that the applicable Bylaw provisions do not require conditional use approval for Applicant's proposed second development on the site (the 16 unit apartment building). Rather, Applicant asserts that the second development merely is required to receive site plan approval pursuant to Bylaws § 500.[2]

In the motion now pending before the Court, Applicant suggests that Appellant's appeal must be dismissed because Appellant has failed to present sufficient allegations to show that he has standing to prosecute this appeal. Applicant first notes that Appellant failed to specify the statutory basis "under which [Appellant] claims party status," as required by V.R.E.C.P. 5(b)(3). Second,

---

[1] Applicant filed a copy of the 2021 Bylaws as Exhibit A to its Motion to Dismiss.

[2] While this legal interpretation of the applicable Bylaw provisions is not relevant to our analysis of the pending motion to dismiss, we reference it here for procedural context.

*Entry Regarding Motion*                                                                 Page **1** *of* **3**

*AHL Investments LP Site Plan Approval*, No. 21-ENV-00023 (Vt. Super. Ct. Envtl. Div. June 4, 2021) (Durkin, J.)

Applicant alleges that Appellant has not satisfied any of the statutory provisions for establishing party status, since Appellant (1) has not demonstrated that he owns or occupies property in the immediate neighborhood of the proposed project and (2) has failed to "demonstrate a physical or environmental impact [from the proposed project] on the person's interest under the criteria reviewed." 24 V.S.A. § 4465(b)(3).

Because standing is an element of subject matter jurisdiction, we review a motion to dismiss for lack of standing pursuant to Rule 12(b)(1) of the Vermont Rules of Civil Procedure. Parker v. Town of Milton, 169 Vt. 74, 76 (1998); V.R.C.P. 12(b)(1). In considering the motion, we must accept "all uncontroverted factual allegations [made by the nonmoving party]… as true and construe [them] in the light most favorable to the nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (*citation omitted*). When viewing the non-moving parties' representations, we are also cautioned that a "motion to dismiss . . . should not be granted unless it is beyond doubt 'that there exists no facts or circumstances [presented to the trial court] that would entitle the [non-moving party] to relief.'" Richards v. Town of Norwich, 169 Vt. 44, 48 (1999) (*citing* Ames v. Ames, 166 Vt. 288, 291 (1997)). We therefore review Applicant's pending dismissal motion in this light and with these concerns in mind.

Our principal hurdle here is that we have no representations from Appellant concerning his alleged party status or standing to prosecute this appeal. Appellant's Notice of Appeal is deficient in that it does not contain any references that could satisfy the mandate that he specify how he claims party status. Further, while our Rule 5(b)(3) does not require that an appellant include in their notice of appeal how it is that they have standing to prosecute the appeal, an appellant is expected to respond to another party's claim that the appellant lacks standing. Given that Appellant here chose not to respond to Applicant's motion to dismiss, we are left to search the pleadings for representations of how Appellant may establish his standing to bring this appeal. Our search reveals none.

We are constitutionally limited to adjudicating disputes to "actual cases or controversies." In re Capital Plaza Act 250 Appeal, No. 59-5-19 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. June 2, 2021) (Walsh, J) (*citing* Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235) (*other citations omitted*). This constitutional standard is supplemented by the statutory requirements to establish party status and standing to prosecute a land use appeal before this Court. Specifically, 24 V.S.A. § 4465(b)(3) (which appears to provide the clearest avenue for Appellant's standing here) defines an "interested person" as:

> A person owning or occupying property in the immediate neighborhood of a [proposed project] . . ., who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the of the plan or bylaw of that municipality.

Appellant here has not alleged that he lives in the immediate area. He has not provided this Court with any demonstration that Applicant's proposed project may have any physical or

environmental impact upon Appellant or his interests, much less an interest that may be regarded as particular to him.[3]

Given the absence of any representations from Appellant that satisfy the minimum standards established by V.R.E.C.P. 5(b)(3) and 24 V.S.A. § 4465(b)(3), we must conclude that Appellant Craig Santenello lacks standing to bring this appeal and that this appeal must therefore be **DISMISSED**.

For all these reasons, Applicant AHL Investments LP's motion to dismiss is **GRANTED.** A Judgment Order accompanies this Entry Order. This concludes the matter before the Court.

**So Ordered.**

Electronically signed on June 4, 2021, at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

---

[3] *See* In re Hinesburg Hannaford Act 250 Permit, No. 113-8-14 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Feb. 4, 2015) (Walsh, J.) (noting that a "particularized interest" must be specific to an appellant, and not merely a "general policy concern shared with the public.").

*Entry Regarding Motion*                                                                                              *Page **3** of **3***

*AHL Investments LP Site Plan Approval, No. 21-ENV-00023 (Vt. Super. Ct. Envtl. Div. June 4, 2021) (Durkin, J.)*